17787

CLANTON'S AUTO AUCTION SALES, INC., Appellant, v. William B. HARVIN, Committee for Stewart I. Harvin, Jr., d/b/a Harvin Motor Company; and Stephenson Finance Company, Inc., of whom Stephenson Finance Company, Inc., is Respondent.

(120 S. E. (2d) 237)

*Messrs. LeRoy M. Want,* of Darlington, and *John S. Hoar,* of Sumter, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *G. Werber Bryan,* of Sumter, *for Respondent,*

May 25, 1961.

Taylor, Chief Justice.

This appeal arises out of an action in claim and delivery brought by plaintiff for possession of an automobile. The issues to be decided concern the priority of the respective claims of Clanton's Auto Auction Sales, Inc., and Stephenson Finance Company, Inc., to the proceeds of sale of the automobile in question, the car having been sold by agreement and the proceeds held pending a determination of the issues before the Court.

The stipulated facts are that on February 3, 1960, plaintiff in the course of its conduct of an auction sale for automobiles allowed one Stewart I. Harvin, Jr., doing business as Harvin Motor Company, to carry away from plaintiff's place of business in Darlington, South Carolina, a 1960 Volkswagen automobile, with an oral agreement that the said Harvin would mail a check to consummate the purchase the following day. Plaintiff retained the indicia of title which, under the oral agreement with Harvin was to be forwarded to him upon receipt of check as payment.

Instead of forwarding payment to the plaintiff as agreed, Harvin on the same day, February 3, 1960, mortgaged the Volkswagen to Stephenson Finance Company at its Sumter office, for $1,625.00, the mortgage being recorded on February 5, 1960, and containing a provision that Harvin was the owner of the automobile free of all liens.

Harvin failed to pay to the plaintiff the purchase price of the automobile as agreed, and the plaintiff retained in its possession all indicia of title to the vehicle. Harvin was committed to the South Carolina State Hospital about February 9, 1960; and this action was instituted by plaintiff on February 25, 1960, after demand on the Committee for Harvin for the return of the automobile had been made and refused.

By way of defense, the Stephenson Finance Company pleaded (1) provision of the Bailment Statute, Sec. 57-308, Code of Laws of South Carolina 1952; (2) Waiver; and (3) Estoppel.

Sec. 57-308, *supra,* provides:

"Every agreement between the vendor and vendee or bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and recorded in the manner provided by law for the recording of mortgages. * * *"

Sec. 16, Act No. 402 of the South Carolina Acts 1957, 50 St. at Large, p. 604, approved July 1, 1957, and effective January 1, 1958, provides:

"(a) If an owner, manufacturer or dealer transfers his interest in a vehicle, other than by the creation of a security interest, he shall, at the time of the delivery of the vehicle, execute an assignmnt and warranty of title to transferee in the space provided therefor on the certificate or as the department prescribes, and cause the certificate and assignment to be mailed or delivered to the transferee or to the department.

"(b) Except as provided in Section 17 of this act, the transferee shall, promptly after delivery to him of the vehicle, execute the application for a new certificate of title in the space provided therefor on the certificate or as the department prescribes, and cause the certificate and application to be mailed or delivered to the department.

"(c) Except as provided in Section 17 of this act, and as between the parties, a transfer by an owner is not effective until the provisions of this section have been complied with."

Section 17, of the same Act, provides:

"If a dealer buys a vehicle and holds it for resale and procures the certificate of title from the owner within ten days after delivery to him of the vehicle, he need not send the certificate to the department, but upon transferring the vehicle to another person other than by the creation of a security interest, shall promptly execute the assignment and warranty of title by a dealer, showing the names and addresses of the transferee and of any lienholder holding a security interest created or reserved at the time of the resale and the date of his security agreement, in the spaces provided therefor on the certificate or as the department prescribes, and mail or deliver the certificate to the department with the transferee's application for a new certificate."

Sec. 22 thereof provides:

"This act does not apply to or affect:

\*   \*   \*

"(c) a security interest in a vehicle created by a manufacturer or dealer who holds the vehicle for sale; \* \* \*".

The transaction in question took place prior to the 1960 Amendment to the South Carolina Motor Vehicle Title Law; therefore, it has no application to the facts under consideration.

Plaintiff voluntarily parted with possession of the automobile in question, permitting Harvin, another known automobile dealer, to carry same away from his place of business with the promise to pay later; but no memorandum of plaintiff's claim of ownership was taken or recorded. Plaintiff retained all indicia of title which, at most, might be termed an unrecorded reservation of interest which would not be effective as against subsequent creditors without notice, Secs. 57-308 and 60-101, Code of Laws of South Carolina 1952.

It is plaintiff's position that by the retention of all indicia of title all others, including Stephenson Finance Company, Inc., were placed on notice that Harvin did not have title to

the car, and those dealing with him did so at their peril in that they were charged with the duty of requiring Harvin to furnish evidence of title to the vehicle in question. It must be remembered that all parties were aware of the nature of the others' business, that both Clanton's Auto Auction Sales, Inc., and Harvin were known automobile dealers engaged in the sale and financing of cars, and that this was known to Stephenson Finance Company, Inc. Plaintiff knew or should have known that Harvin, being a dealer, would in the normal course of business either finance or sell. Ordinarily one in possession of personal property is presumed to be the owner and one purchasing such property is required to use only reasonable diligence to ascertain if there are any defects in the title thereto, *Russell Willis, Inc. v. Page,* 213 S. C. 156, 48 S. E. (2d) 627.

Harvin, as a dealer, had possession of the automobile with nothing being recorded to show that he was other than the owner. He certified to the finance company that he was the owner and that the vehicle was free of all liens, and there is nothing in the record to indicate that the transaction with Stephenson Finance Company, Inc., was handled in any way other than in the usual and customary manner of handling such matters. Neither is there any evidence of actual or constructive notice as to the mortgagee.

At the time of this transaction, Sec. 46-139.83, Cumulative Supplement, Code of Laws of South Carolina 1952, required "an interest in a vehicle reserved or created by agreement and which secures payment or performance of an obligation" to be recorded. Stephenson Finance Company, Inc. recorded its interest; Clanton's Auto Auction Sales, Inc. did not. Harvin being a dealer was not required to furnish certificate of title, Sec. 22, Act No. 402, Acts of South Carolina, 1957; Title 46, Cumulative Supplement, Code of Laws of South Carolina 1952.

We are of opinion that the recorded lien of the defendant, Stephenson Finance Company, Inc. is a first lien against the

proceeds of sale of the automobile in question; that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

OXNER, LEGGE and MOSS, JJ., and J. M. BRAILSFORD, JR., Acting Associate Justice, concur.