## 21530

The TRAVELERS INSURANCE COMPANY, Respondent, v. Thelma LAWSON, Benjamin T. Bolt, Lift Truck Service of Charlotte, Inc., and Pennsylvania National Mutual Casualty Insurance Company, of whom Lift Truck Service of Charlotte, Inc., and Pennsylvania National Mutual Casualty Insurance Company are Appellants.

(281 S. E. (2d) 116)

*Young, Clement & Rivers,* Charleston, *for appellants.*

*Burroughs, Green & Sasser,* Conway, *for respondent.*

July 29, 1981.

LITTLEJOHN, Justice:

This declaratory judgment action was brought by The Travelers Insurance Company (Travelers) to determine whether it or defendant Pennsylvania National Mutual Casualty Insurance Company (Penn National) was insurer for a Pontiac automobile involved in a wreck. Both insurance companies moved for summary judgment. The trial judge held that both insurers provided coverage and should share the liability equally. Penn National has appealed.

Lift Truck Service of Charlotte, Inc. (Lift Truck) owned the Pontiac and had a North Carolina Highway Department Certificate of Title. It was insured by Penn National. Lift Truck sold the Pontiac to Benjamin Bolt and delivered it to Bolt's residence in Myrtle Beach, S. C. The Pontiac was added to Bolt's insurance coverage with Travelers but no formal transfer of title from Lift Truck to Bolt was effected. During the dates of Travelers' policy coverage and prior to transfer of title from Lift Truck to Bolt, the Pontiac collided with Thelma Lawson. She sued Bolt and settled the case for $5,500.00. Travelers and Penn National had an understanding that this declaratory judgment action would be instituted for the purpose of determining which of the two companies would bear the brunt of the $5,500.00 settlement.

The lower court held that both insurance companies were responsible and issued an order directing that they share the loss equally. In so ruling, it relied upon a North Carolina case, *Nationwide Mutual Ins. Co. v. Hayes,* 276 N. C. 620, 174 S. E. (2d) 511 (1970), which construed a North Carolina statute and ruled that for the purposes of tort law and liability insurance coverage, no ownership passes to the purchaser of a motor vehicle which required registration under North Carolina's Motor Vehicle Act of 1937 until (1) the

owner executes in the presence of a person authorized to administer oath, an assignment and warranty of title on the reverse of the title certificate including the name and address of the transferee; (2) there is an actual or constructive delivery of the motor vehicle; and (3) the duly signed certificate of title is delievered to the transferee.

We do not think the North Carolina statute or the case cited construing the statute is persuasive under the facts of this case in light of the rulings this court has made heretofore. The South Carolina statute applicable at the time of the collision was § 46-150.15, *Code of Laws of South Carolina* (1962). It reads in pertinent part as follows:

"If an owner . . . transfers his interest in a vehicle . . ., he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to transferee in the space provided therefor on the certificate or as the Department prescribes and cause the certificate and assignment to be mailed or delivered to the transferee or to the Department.

Except as provided in § 46-150.16 [refers to dealers], the transferee shall, promptly after delivery to him of the vehicle, execute the application for a new certificate of title in the space provided therefor on the certificate or as the Department prescribes and cause the certificate and application to be mailed or delivered to the Department.

Except as provided in § 46-150.16, *and [except] as between the parties,* a transfer by an owner is not effective until the provisions of this section have been complied with." (Emphasis added.)

As between the parties the transfer was effective and completed. The seller, Lift Truck, brought the vehicle into South Carolina and parted with possession and control. There can be no doubt but that it was the intent of both the seller and the buyer that title pass and that the buyer have all rights incident to property ownership. There can also be no

doubt but that it was the intent of Travelers to protect the buyer against liability and, accordingly, a premium was charged and collected.

The registration statutes and the title and transfer statutes have as one of their purposes to assure insurance coverage at all times so as to protect the public. In holding that Travelers is responsible, we do not necessarily imply that Penn National and/or the seller would not under any circumstances be liable in a different factual situation. For example, if the buyer had not procured insurance coverage, a different issue would be presented. The public has been protected. As between the buyer and seller, the buyer should be responsible. As between Travelers and Penn National, Travelers should pay.

The real question involved in this case is whether or not buyer Bolt was the owner of the Pontiac within the contemplation of the provisions of Travelers' policy. We think that he was and, accordingly, Travelers must assume full responsibility. Our ruling today is consistent with *Lynch v. United States Branch General Accident Fire & Life Assurance Corp., Ltd.,* 327 F. (2d) 328 (4 cir. 1964), wherein the Fourth Circuit Court of Appeal dealt with a factual situation almost identical with that involved in our case. Our ruling is also consistent with the tenor of two rulings of this court in *Clanton Auto Sales, Inc. v. Harvin,* 238 S. C. 352, 120 S. E. (2d) 237 (1961), and *Clanton Auto Auction Sales, Inc. v. Young,* 239 S. C. 250, 122 S. E. (2d) 640 (1961).

We hold that the lower court erred in dividing liability in this case, and Travelers must pay the entire loss.

Reversed.

LEWAS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.