**In re Samuel LITTLE and Diane Pilgrim Little d/b/a Highway 8 Motors, Debtors.**

**Bankruptcy No. 97–00926.**

United States Bankruptcy Court, D. South Carolina.

Aug. 6, 1997.

John K. Fort, Spartanburg, SC, for trustee.

Cynthia Brown, N. Ward Lambert, Greenville, SC, for creditor.

---

## ORDER

WM. THURMOND BISHOP, Bankruptcy Judge.

This matter came before the Court on the objection filed by Mason Motors, Inc. d/b/a Spartanburg Auto Auction ("SAA") to the trustee's notice of sale of a 1993 Honda Accord, 4 door sedan (VIN IHGCB7658PA110660) ("car"). For the reasons set forth, this court overrules the objection of SAA to the trustee's notice of sale.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. SAA is in the business of auctioning motor vehicles to dealers for resale and is a motor vehicle dealer in the statutory sense.

2. The co-debtor, Samuel Little d/b/a Highway 8 Motors, is a motor vehicle dealer and the cars he sells constitute inventory.

3. On December 13, 1996, SAA sold the above car at auction to this debtor.

4. The car was auctioned on behalf of Dick Brooks Honda of Greer, Greer, South Carolina.

5. This debtor paid no cash at the time of the sale.

6. The President of SAA testified at the hearing on the Trustee's notice of sale regarding the procedures for the auctioning of automobiles by SAA.

7. SAA utilized the following procedure when auctioning automobiles: automobile dealers participate in auctions conducted by SAA; the dealer who is the highest bidder is given a document which allows the dealer to remove the car from SAA's lot for resale; when the dealer sells the car, the dealer pays SAA; upon receipt of payment, SAA gives the dealer title to the automobile.

8. The President of SAA further testified that this sale was made on the "honor system," and his affidavit presented to the Court stated that this debtor had agreed to pay SAA for the car.

9. SAA paid Dick Brooks Honda of Greer for the car and has physical possession of the title but the car is not titled in the name of SAA.

10. SAA produced no evidence of a security agreement or financing statement to support and perfect its claim to a security interest in this car.

11. This debtor had physical possession of this motor vehicle at the time the debtors filed their bankruptcy petition.

## ISSUES

Two issues presented to the court are (1) whether the car is property of the bankruptcy estate and (2) if so, whether possession of the certificate of title gives SAA a perfected security interest in this vehicle.

## DISCUSSION

■ Unless bankruptcy law provides otherwise, property rights of a bankruptcy estate are determined by state law. This includes the nature, validity and perfection of security interests in personal property. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

■ SAA argues that because it has physical possession of the certificate of title, SAA owns the automobile. This Court disagrees and finds that the 1993 Honda Accord, 4 door sedan (VIN IHGCB7658PA110660) is property of the estate. SAA voluntarily parted with possession of the car. This debtor has physical possession of the car as well as a "Bill of Sale". Ordinarily, one in possession of personal property is presumed to be the owner. *Clanton's Auto Auction Sales, Inc. v. Harvin,* 120 S.E.2d 237, 239 (1961).

As a general rule perfection of a security interest in a motor vehicle is governed by S.C.Code Ann. § 56–19–620 et seq. (Law. Coop.1991) [1] which states

Unless excepted by § 56–19–610, a security interest in a vehicle of a type for which a certificate of title is required is not valid

---

1. Hereinafter all references to the S.C.Code of Laws as well as to the United States Bankruptcy Code will be by code section.

against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this article. No other recordation shall be necessary to protect the interest of the lienholder.

If, for the sake of argument, there had in fact been compliance with this article, this chapter is not applicable to a security interest in a motor vehicle created by a manufacturer or dealer who holds the vehicle for resale. § 56–19–610(3).

Section 56–19–10(4) states that a "dealer" is defined in § 56–15–10(h)(4), under this section, a dealer is

> any person who sells or attempts to sell any motor vehicle. These terms do not include:
>
> (4) persons disposing of motor vehicles acquired for their own use and so used in good faith and not for the purpose of avoiding the provisions of law. Any person who effects or attempts to effect the sale of more that five motor vehicles in any one calendar year is considered a dealer or wholesaler, as appropriate, for purposes of this chapter.

■ Without deciding which of the parties here "created" the security interest, perfection on the certificate of title is clearly excepted under 56–19–610(3) of the S.C.Code as both the seller (SAA) and the purchaser (debtor) are dealers.

Since the collateral is inventory to this debtor, the proper method of perfection is found in § 36–9–302(1) of the South Carolina Code of Laws which requires a security agreement and a filed financial statement (UCC 1).

In this situation, there is no evidence of either and as a result, SAA has no lien on this vehicle which the trustee seeks to sell and as an unsecured creditor, has no ability or standing to object to its sale.

■ An unperfected security agreement is binding between the parties to the agreement, but a trustee in bankruptcy enjoys the status of a lien creditor and has priority over an unperfected security interest. § 544(a)(1) and § 36–9–301(3). The trustee stands in the shoes of a hypothetical lien creditor whose lien arose on the day the bankruptcy petition was filed. *In re Kitchin Equipment Co. of Virginia, Inc.*, 960 F.2d 1242 (4th Cir.1992) citing *Rock Hill Nat'l Bank v. York Chem. Indus, Inc. (In re York Chem. Indus., Inc.)*, 30 B.R. 583, 585 (Bankr.D.S.C.1983); 4 *Collier on Bankruptcy* ¶ 544.02 (Lawrence P. King ed., 15th ed. 1996).

As indicated earlier, this debtor has physical possession of the car as well as a "Bill of Sale." The "Bill of Sale" to the car has a notation that the sale is subject to a "floor plan." Floor planning is a method of financing inventory. *In re Dettwiller*, 156 B.R. 540, 543 (Bankr.S.D.Ohio 1993); *Bluegrass Ford–Mercury, Inc. v. Farmers Nat'l Bank*, 942 F.2d 381, 382 (6th Cir.1991).

This Court finds that SAA does not have a security interest in this vehicle. It is therefore

ORDERED that the objection filed by Mason Motors, Inc. d/b/a Spartanburg Auto Auction to the trustee's notice of sale of a 1993 Honda Accord, 4 door sedan (VIN IHGCB7658PA110660) is overruled.

AND IT IS SO ORDERED.