In re YORK CHEMICAL INDUSTRIES, INC., Debtor.

ROCK HILL NATIONAL BANK, Plaintiff,

v.

YORK CHEMICAL INDUSTRIES, INC., York, South Carolina, Defendant.

Bankruptcy No. 81–01391.
Complaint No. 82–0693.

United States Bankruptcy Court, D. South Carolina.

April 8, 1983.

Hugh L. Harrelson, Rock Hill, S.C., for plaintiff.

David R. Duncan, Rock Hill, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court on the complaint of the plaintiff, Rock Hill National Bank, in which the plaintiff requested that the court (1) grant to it relief from the stay imposed by 11 U.S.C. § 362(a)[1], and (2) reinstate plaintiff's security interest in the inventory, fixtures and equipment now owned and hereafter acquired by the defendant/debtor in possession.

The parties have stipulated the facts and agreed that this cause shall be argued by brief.

## FACTS

An involuntary petition for relief under Chapter 7 (§ 701, *et seq.*) of the United States Bankruptcy Code was filed by the debtor's creditors on September 22, 1981. The case was converted to a voluntary Chapter 11 proceeding on November 16, 1981.

The plaintiff, on January 18, 1980, was the holder of a security interest in all machinery, equipment, furniture, and fixtures in the office and plant building of York Chemical Industries, Inc. The plaintiff's security interest was filed on January 18, 1980 in the Office of the Clerk of Court for York County. On August 8, 1980, the debtor executed an additional note to the plaintiff along with a financing statement covering the same collateral. This financing statement was filed in the Office of the Secretary of State on August 13, 1980.

On September 28, 1981, the debtor executed a new note in favor of the plaintiff, and contemporaneously therewith, executed a financing statement. The plaintiff did not file the September 28, 1981 financing

---

**1.** Further reference to sections of the 1978 Bankruptcy Code will omit the identically numbered section of Title 11, United States Code.

statement. Subsequently, one of the plaintiff's employees, apparently through inadvertence, sent the original financing statement (filed with the Secretary of State on August 13, 1980) to the Secretary of State requesting that it be terminated. It was terminated on October 8, 1981.

All agree that on September 28, 1981 no party to this action intended that the August 13, 1980 financing statement be terminated.

## DISCUSSION AND CONCLUSION

Plaintiff's inadvertent termination of its security interest occurred on October 8, 1981—seventeen days after an involuntary petition seeking relief under Chapter 7 of the Bankruptcy Code was filed.

This court has held that, under § 1107(a)[2] and § 544(a)(1)[3], a debtor in possession, like a trustee, "is given the status of a hypothetical creditor of the debtor who had perfected a judgment lien against the debtor on the date of the bankruptcy." (Citations omitted). *Dean-Dempsey Corp. v. Hildreth,* Case No. 81–00764, Complaint No. 81–0503 (Bankr.D.S.C.1982), *aff'd,* Civil Action No. 82–221–5 (D.S.C.1982).

Now it must be determined when the debtor-in-possession acquired its status as a hypothetical lien creditor.

"[A]n involuntary case is commenced by the filing with the bankruptcy court of a petition under Chapter 7 or 11 of this title —...." § 303(b). However, "... the rights of the parties do not become fixed and the general estate of the debtor does not pass out of his hands at the time that the involuntary petition is filed. Rather, this phenomenon occurs at the time of the

order for relief if such an order is granted." *In re Andreotti,* 16 B.R. 28, 31, 5 C.B.C.2d 1146, 1149 (Bkrtcy.E.D.Cal.1981).

An order for relief is issued in an involuntary proceeding "[i]f the petition is not timely controverted ...." § 303(h). Here, the Clerk of Court issued this summons to be served with the creditors' involuntary petition:

To the above named debtor: ...

You are hereby summoned and required to file with this court and to serve upon the petitioners' attorney, ... a motion or an answer to the petition which is herewith served upon you, on or before October 14, 1981. If you fail to do so, the order for relief will be entered.

On October 12, 1981 the debtor filed an Answer to the Involuntary Petition and Petition for Conversion to Chapter 11, thus timely controverting the involuntary petition. No order for relief was granted on the creditors' involuntary petition. Instead, the court entered an order, dated November 16, 1981, designating the case to be under Chapter 11. Therefore, on November 16, 1981, the rights and powers of the debtor in possession, as a hypothetical lien creditor under § 544(a)(1), attached.

As of November 16, 1981—when the debtor in possession acquired the status of a hypothetical lien creditor—the plaintiff's financing statement had been terminated, and another had not been filed. Thus, as of that date, the plaintiff's security interest was unperfected. S.C.Code § 36–9–302(1) (1976); S.C.Code § 36–9–303(1) (1976).

In requesting that its security interest be reinstated, the plaintiff relies upon

---

**2.** § 1107(a): Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in section 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

**3.** § 544(a)(1): The trustee shall have, as of the commencement of the case, and without regard

to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such creditor exists; ....

the debtor's having actual knowledge of all matters relating to the execution of the notes and the existence of the plaintiff's security interest.

The debtor's actual knowledge is not relevant. "[A]ny debtor in possession in a chapter 11 bankruptcy can be expected to have actual knowledge of such claims. Congress has seen fit to cloak the debtor in possession with the protection of not having knowledge as pointed out above. The reason for this protection is clear. The bankruptcy estate is no longer the property of the debtor but is a statutorily created estate merely being managed by the debtor in possession." *Dean-Dempsey Corp. v. Hildreth,* Civil Action No. 82–221–5 (D.S.C. 1982).

The purpose of filing financial statements pursuant to the Uniform Commercial Code, as adopted in South Carolina, is to give notice to third persons of perfected security interests in personal property. "The purpose of the filing requirement of the Uniform Commercial Code is to furnish prospective purchasers and creditors with information relating to the encumbered status of and liens against a debtor's assets ...." *Lampl v. General Electric Credit Corp., (In re B and L Coal Company, Inc.),* 20 B.R. 864, 867 (Bkrtcy.W.D.Pa.1982).

"The dispositive question is usually whether or not a reasonable search under the debtor's true name would uncover the filing." *Dietrich-Post Co. v. Alaska National Bank (In re McCauley's Reprographics, Inc.),* 638 F.2d 117, 119 (9th Cir.1981).

Since the debtor in possession is deemed to be without knowledge of the unfiled security interest, and a reasonable search by a third party would have revealed only the terminated financing statement, the plaintiff's lien was unperfected as to the debtor in possession who has the status of a hypothetical lien creditor. S.C.Code § 36–9–301(1)(b) (1976); *Dean-Dempsey Corp. v. Hildreth,* Case No. 81–00764, Complaint No. 81–0503 (Bankr.D.S.C.1982), *aff'd* Civil Action No. 83–221–5 (D.S.C.1982).

The Bankruptcy Code provides that the filing of a petition under the Bankruptcy Code "[o]perates as a stay, applicable to all entities, of—... (4) any act to create, perfect or enforce any lien against property of the estate ...." § 362(a)(4). The plaintiff is responsible for having terminated its financing statement—albeit unintentionally and inadvertently. Under these circumstances, this court will not grant the plaintiff relief from the stay in order to file its financing statement, nor may the court recreate a perfected security interest for the plaintiff.

AND IT IS SO ORDERED.