**In re MSC, INC., Debtor,**

**UNITED STATES of America Acting on Behalf of the FARMERS HOME ADMINISTRATION, Plaintiff,**

v.

**MSC, INC., and Committee of Unsecured Creditors, Defendants.**

**Bankruptcy No. 84–00839.**
**Complaint No. 84–0261.**

United States Bankruptcy Court, D. South Carolina.

July 11, 1985.

R. Emery Clark, Asst. U.S. Atty., Columbia, S.C., for plaintiff.

Robert F. Anderson, Columbia, S.C., for defendant/debtor.

MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The matter before the court is a complaint in which the United States of America, acting on behalf of the Farmers Home Administration (hereinafter FmHA), requests this court to determine that its claim is a secured claim.

FmHA asserts that it holds a perfected security interest in all of the personal property of MSC, Inc., (hereinafter MSC) the debtor in possession. MSC and its unsecured creditors' committee assert that because the lien of FmHA is unperfected as to a trustee in bankruptcy, the interest of the debtor estate in the personal property of MSC is superior to that of FmHA.

## FINDINGS OF FACT

On June 1, 1984 MSC filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*), and since that date it has operated, and presently operates, as a debtor in possession. 11 U.S.C. § 1107.

The primary secured creditor is FmHA which asserts that it holds a lien upon all of the assets of MSC.

MSC was created to purchase the assets of Burton Block & Concrete Company, Inc. (hereinafter BBC) which filed a petition for relief under Chapter 11 on September 29, 1980. The BBC plan of reorganization provided that the existing BBC loans to the commercial banks, which were guaranteed by FmHA, were to be paid by FmHA and all existing liens on BBC property were to be extinguished. In return, MSC executed a promissory note, mortgage, security interest and financing statement in favor of FmHA covering all of its assets.

The BBC plan of reorganization incorporates a document entitled "Assumption of Loan Agreement" which provides that "MSC, Inc. shall execute and deliver to [FmHA] those documents necessary to effectuate the agreement set forth in [the Assumption of Loan Agreement]."

As of June 1, 1984, no financing statement reflecting FmHA's security interest in the debtor's property was on file in the South Carolina Secretary of State's office. However, FmHA did file for record its financing statements in the office of the Beaufort County Clerk of Court on December 12, 1983.

## ISSUES

The joint pretrial order, consented to by counsel and adopted by the court, stipulates that the issues to be determined by the court are:

1. Whether, pursuant to 11 U.S.C. § 1141, this court should assume post-confirmation jurisdiction and "direct the ... necessary party to execute [and] deliver" the appropriate security agreement and financing statements to FmHA for filing and recording a perfected security interest according to the confirmed BBC plan of reorganization.

2. Whether, despite the above, MSC, as a debtor in possession, can be compelled to execute and deliver documents to perfect the lien of the plaintiff.

3. Whether plaintiff can perfect its lien in personalty after the filing of the petition for relief by MSC.

4. Whether FmHA has a perfected security interest in the personalty of MSC despite the lack of a financing statement filed with the Secretary of State.

## CONCLUSIONS OF LAW

Before addressing these issues, it is important to note that "The purpose of the filing requirements of the Uniform Commercial Code is to furnish prospective purchasers and creditors with information relating to the encumbered status of and liens against a debtor's assets...." *Lampl v. General Electric Credit Corp. (In re B and L Coal Company, Inc.),* 20 B.R. 864, 867 (Bankr.W.D.Pa.1982). *See also, Richmond Fixture & Equipment Company v. Hyman (In re Southern Properties, Inc.),* 44 B.R. 838, 844 (Bankr. E.D.Va.1984); *Vintero Corporation v. Corporacion Venezolana De Fomento,* 735 F.2d 740 (2nd Cir.1984); *Rock Hill National Bank v. York Chemical Industries, Inc. (In re York Chemical Industries, Inc.),* 30 B.R. 583 (Bankr.D.S.C.1983).

This enables creditors to rely with certainty upon the records which should reveal a creditor's security interest, otherwise, they may hesitate to lend money for fear

that their security previously might have been encumbered.

## I

The first issue is moot inasmuch as MSC has already executed and delivered the appropriate security agreements and financing statements to FmHA for filing.

## II

The disposition of the first issue renders the second issue moot.

## III

■ The third issue—whether the plaintiff can perfect its lien after the filing of the petition for relief by MSC—is similar to one which this court addressed in *Rock Hill National Bank v. York Chemical Industries, Inc. (In re York Chemical Industries, Inc.)*, 30 B.R. 583.

In *York*, after a financing statement executed by the debtor had been terminated unintentionally by a creditor which sought to have it reinstated, or, in the alternative, to have relief from the 11 U.S.C. § 362 automatic stay in order to perfect its security interest, this court stated:

> [t]he filing of a petition under the Bankruptcy Code 'operates as a stay, applicable to all entities, of—... (4) any act to create, perfect or enforce any lien against property of the estate ...' § 362(a)(4). The plaintiff is responsible for having terminated its financing statement—albeit unintentionally and inadvertently. Under these circumstances, this court will not grant the plaintiff relief from the stay in order to file its financing statement, nor may the court recreate a perfected security interest for the plaintiff.

*York, supra,* at 586.

Accordingly, the plaintiff may not now perfect its lien by filing the financing statement.

## IV

The final issue, as stipulated by the parties, is whether FmHA has a perfected security interest in the personalty of MSC, despite the lack of a financing statement filed with the Secretary of State of South Carolina.

■ As a debtor in possession, MSC is granted the status of a trustee in bankruptcy by § 1107.[1] A trustee is afforded the rights of a perfect judgment lien creditor pursuant to § 544 without regard to any actual knowledge of any parties. Section 544, in pertinent part, states that:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) A creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists....

The wording of § 544, taken in conjunction with § 1107, indicates that MSC as a debtor in possession, should be afforded the rights of a perfect judgment lien creditor without knowledge. *C.R. Loup v. Great Plains Western Ranch Company, Inc. (In re Great Plains Western Ranch Company, Inc.)*, 38 B.R. 899 (Bankr.D.Cal. 1984); *In re Air Vermont*, 41 B.R. 486 (Bankr.D.Ver.1984); *Dean Dempsey Corp. v. Hildreth (In re Hildreth)*, C.A. No. 82–221–5 (D.S.C.1982); *Rock Hill National Bank v. York Chemical Industries, Inc. (In re York Chemical Industries, Inc.)*, 30 B.R. 583 (Bankr.D.S.C.1983).

"The validity, nature, and effect of liens are governed by the law of the state where the property is situated." *Duck v. Wells Fargo Bank (In re Spectra Prison Indus-*

---

1. 11 U.S.C. § 1107: "[a] debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter."

*tries, Inc.),* 28 B.R. 397, 8 C.B.C.2d 325 (9th Cir.Bankr.App.Panel 1983).

As a perfect judgment lien creditor, under South Carolina law, MSC's lien is superior to FmHA's unperfected security interest. S.C.Code § 36–9–301 (1976); *York Chemical Industries, Inc., supra.*

Although § 544 indicates that a trustee may avoid certain transfers without regard to any knowledge, this court is mindful of a recent decision of the Court of Appeals for the Fourth Circuit in which a debtor in possession's right to avoid a deed of trust was denied because the debtor's knowledge as a party to the deed was imputed to it as a debtor in possession. *Pyne v. Hartman Paving, Inc. (In re Hartman Paving, Inc.),* 745 F.2d 307 (4th Cir.1984). In *Hartman* the debtor executed and delivered a deed of trust to Keller as trustee. Keller acted as a notary in the transaction. In West Virginia "a deed of trust acknowledged by the grantor before a trustee, acting as notary, is valid as between the parties to the instrument 'or those purchasing with actual notice' but invalid as against all judgment and all subsequent bona fide purchasers for value who take without actual notice." *Hartman* at 309, quoting *Tavenner v. Barrett,* 21 W.Va. 656 (1883). The court, in *Hartman,* stating that the rationale of *Tavenner* was to protect against the chance of fraud upon a person who depends solely on record notice, added:

> Hartman was a party to the transaction and consequently had actual notice of the conveyance. Thus although Hartman is entitled to claim the powers of a subsequent purchaser for value under § 544(a) those powers, as properly defined under local law, do not permit him to void this deed because—simply stated—Hartman is not the type of subsequent purchaser that Tavenner was designed to protect.

*Hartman* at 310.

Although MSC's actual knowledge is equivalent to that of the debtor in posses-sion in *Hartman,* this court is of the opinion that the facts in the case at bar distinguish it from *Hartman* in, at least, two respects.

### A

The first distinction relates to a difference in state law.

In West Virginia a deed of trust which is notarized by the trustee is "only void against subsequent bona fide purchasers for value who take without actual notice." *Hartman* at 309. Thus, we may assume that such a deed of trust is valid as to a subsequent *bona fide* purchaser with actual notice thereof. Actual notice is the dispositive criterion.

*Hartman* disallowed the West Virginia debtor in possession's doing, under the Bankruptcy Code, that which it could not do under West Virginia state law.

However, in South Carolina, "An unperfected security interest is subordinate to the rights of ... (b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected." § 36–9–301(1). A lien creditor is defined as:

> A creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition.... Unless all the creditors represented had knowledge of the security interest such a representative of creditors is a lien creditor without knowledge *even though he personally has knowledge of the security interest.* (emphasis added).

Thus, under South Carolina law, a trustee in bankruptcy, absent proof that all creditors had knowledge of the security interest,[2] is without knowledge; the actual knowledge of the debtor is of no consequence and cannot be imputed to the debt-

---

**2.** The record in this adversary proceeding does not indicate that all creditors had knowledge of the security interest.

or in possession (which has the status of a trustee in bankruptcy. § 1107).

In this case the debtor in possession, under South Carolina law, is a lien creditor without knowledge regardless of personal knowledge and takes priority over the unperfected security interest without resort to the lack of knowledge afforded him by § 544.

### B

If this were a case under Chapter 7 of the Bankruptcy Code, the trustee, as a hypothetical lien creditor under § 544, would be empowered to avoid the unperfected lien of FmHA for the benefit of the unsecured creditors.[3] Ordinarily, a debtor in a Chapter 11 case attempts to reorganize rather than to liquidate. However, in this Chapter 11 case the debtor is attempting to liquidate—probably with the hope of providing a greater dividend to its creditors by the production of income in the process of liquidation and by the elimination of the Chapter 7 trustee's commission.

The motivation of the debtor to avoid the lien of FmHA is the same motivation as that of a Chapter 7 trustee—to provide the debtor estate with as many assets as legally possible for the benefit of the unsecured creditors.

In this liquidating Chapter 11 case the unsecured creditors will benefit from the debtor in possession's action (in opposing FmHA's claim of secured status) just as if this were a case brought under Chapter 7, and the Chapter 7 trustee had interposed such opposition. Therefore, it is distinguishable from *Hartman,* and the debtor in possession should not be denied its rights under § 544 to avoid the security interest of FmHA in the personal property of MSC.

### ORDER

Based upon the foregoing it is the opinion of this court that:

1. The issue has become moot as to whether, pursuant to 11 U.S.C. § 1142, this court should assume post-confirmation jurisdiction and "direct the ... necessary party to execute [and] deliver" the appropriate security agreement and financing statements to FmHA for filing and recording a perfected security interest according to the confirmed Burton Block plan of reorganization.

2. The issue has become moot as to whether MSC, as a debtor in possession, can be compelled to execute and deliver documents to perfect the lien of the plaintiff.

3. The plaintiff may not now perfect its lien in personalty.

4. FmHA does not have a perfected security interest in the personalty of MSC; therefore, the debtor in possession has a superior right thereto.

**AND IT IS SO ORDERED.**

---

**3.** The court notes that if the applicaion of the law of the Hartman case defeats MSC's rights under § 544 by imputing knowledge to MSC, such application would have an adverse effect upon MSC's ability to reorganize. If a Chapter 11 debtor in possession could not avoid an obligation pursuant to § 544, even though a Chapter 7 trustee could, then such debtor in possession might have difficulty satisfying § 1129(a)(7) which requires that, if a holder of a claim or interest does not accept the plan, he receive not less than he would receive in a Chapter 7 case.