In re Frank M. FLOWERS and Margaret S. Flowers, d/b/a Frank M. Flowers & Sons, Auburndale Plantation, Auburndale Farm Services and Busy Bee Dairy, Debtors.

Frank M. FLOWERS and Margaret S. Flowers, and Marion R. Carrigan, Plaintiffs,

v.

UNITED STATES of America, Acting Through the UNITED STATES DEPARTMENT OF AGRICULTURE Through its Agency, the FARMERS HOME ADMINISTRATION, Defendant.

Bankruptcy No. 84–00349.
Complaint No. 85–0188.

United States Bankruptcy Court,
D. South Carolina.

Jan. 10, 1986.

J. Martin Harvey, Jr., Blatt and Fales, Barnwell, S.C., for debtors.

Mary G. Slocum, Asst. U.S. Atty., Columbia, S.C., for U.S.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This is an adversary proceeding to determine the nature and extent of Farmers Home Administration's secured claim, to avoid an unperfected security interest and to avoid post-petition transfers. The plaintiffs have filed a motion for summary judgment. The parties have stipulated there are no genuine issues of material fact involved and have requested the court to decide the case on the applicable law.

### FACTS

The plaintiffs, Frank M. Flowers and Margaret S. Flowers (the Flowers), are debtors in this Chapter 11 case which was filed on March 8, 1984. The plaintiff, Marion R. Carrigan, is the trustee in this case.

The financial transactions giving rise to this adversary proceeding began in August 1982 when the Flowers closed a $2,000,000. financial transaction involving four (4) lenders. The lenders assert secured claims in this Chapter 11 case. The Federal Land Bank of Columbia (FLB) has a claim exceeding $1,374,000.; the Small Business Administration (SBA) has a claim of approximately $119,000.; the South Carolina National Bank (SCN) has a claim totaling $300,000.; and defendant Farmers Home Administration (FmHA) has a claim of $648,892.23.

There are six tracts of real estate involved in this adversary proceeding containing 1,619.38 acres, 117.34 acres, 29.59 acres, 16.272 acres, 93.14 acres and 302.66 acres, respectively. The combined fair market values of the first four tracts is $1,400,000. The fair market value of the 93.14 acres tract is $60,000. and the fair market value of the 302.66 acres tract is $80,000.

The real estate mortgages in favor of the four lenders herein were executed on August 11, 1982, and, except for the FmHA mortgage, all were recorded on August 11, 1982. The FmHA mortgage was recorded on August 12, 1982. The rank of the liens attaching to the respective collateral is as follows:

| Property | First | Second | Third |
|---|---|---|---|
| 1,617.38 acres | FLB | SBA | FmHA |
| 117.35 acres | FLB | SBA | FmHA |
| 29.59 acres | FLB | SBA | FmHA |
| 16.272 acres | FLB | SBA | FmHA |
| 93.14 acres | *Equitable Life | SCN | FmHA |
| 302.6 acres | Equitable Life | SCN | FmHA |

* (By mortgage dated 1977)

The Equitable Life's claim is approximately $94,000.

The total of the claims of the FLB and SBA on the four tracts of land under their respective liens exceeds the fair market value by approximately $25,000. (this takes into consideration the debtors' $66,000. Federal Land Bank stock). The fair market value of the 93.14 acres and 302.6 acres is exceeded by the total claims of the Equitable Life and SCN by over $180,000. There is no equity in real estate against which FmHA's mortgage may attach.

On July 1, 1982, the Flowers executed an assignment of milk proceeds in favor of the First National Bank of South Carolina (now SCN) in the amount of approximately $8,900. per month, which assignment was duly perfected by the filing of a financing statement with the Clerk of Court of Darlington County. On March 3, 1983, the Flowers executed an assignment of milk

proceeds in favor of FmHA in the amount of $6,776. per month, a copy of which is attached to Flowers' petition for preliminary injunction. There is no security interest of FmHA in the Flowers' cattle. FmHA has not filed any financing statement with the Darlington County Clerk of Court or the South Carolina Secretary of State, relating to a security interest in milk or milk proceeds. Since the filing of the Flowers' Chapter 11 petition on March 8, 1984, FmHA has been paid through the assignment of milk proceeds, directly from Sumter Dairies, Inc., a total of $90,876.

### CONCLUSIONS OF LAW

#### I

■ There is no dispute that the claim of FmHA to real estate is totally unsecured; therefore, the lien supporting the claim is void. 11 U.S.C. § 506(a), (d).

#### II

■ Defendants only assert a security interest in the milk and milk proceeds produced post-petition. The right to future milk proceeds is a contract right. S.C.Code § 36–9–106 (1976, as amended)[1]. The definition of "security interest" includes any interest of a buyer of accounts, chattel paper, or contract rights. Section 36–1–201(37). Chapter 9 of Title 36 of the South Carolina Code governing security interest in goods covers the assignment in question because the assignment embraces contract rights. Section 36–9–102(1)(a). As the assignment in question is governed by Chapter 9 of Title 36 of the South Carolina Code, a financing statement should have been filed in order to perfect FmHA's security interest in milk and milk proceeds. *In re Liles and Raymond*, 24 B.R. 627 (Bankr. M.D.Tenn.1982). "As a perfected judgment lien creditor, under South Carolina law, [the trustee's] lien is superior to FmHA's unperfected security interest. S.C.Code § 36–9–301 (1976)." *In re MSC, Inc.*, 54 B.R. 650 (Bankr.D.S.C.1985).

The exception to the filing of a financing statement created by § 36–9–302(1)(d) does not apply in this proceeding because the contract rights assigned to FmHA are significant rights. As the FmHA has been receiving approximately twelve (12%) percent of the debtors' total monthly gross income from the sale of milk, the amount is significant as a matter of law. *Matter of Bindl*, 13 B.R. 148 (Bankr.W.D.Wis.1981). The reasoning of *Bindl:*

> Milk proceeds checks are regularly subject to assignment in varying amounts as the facts of this case demonstrate. First, the presence of subsequent transferees is common. Second, notice to subsequent transferees would in all but the most insignificant of prior assignments be a reasonable consideration. The multiplicity of assignees and the continuing nature of the assignments argue for the completeness of notice. Such notice cannot be assumed to be available from the account debtor (dairy). Dairies are no longer necessary parties to such assignments and farmers are not precluded from changing dairies or selling to more than one dairy. Finally, none of the assignees in this case are unsophisticated. Each is in the business of agricultural financing and sufficiently familiar with filing to file a financing statement on equipment. Each choose not to file on the milk assignment and did so at its peril.

*Bindl* at 150.

Here, only SCN has filed a financing statement on its milk assignment. FmHA has not.

Since the security interest in the milk and the milk proceeds is unperfected, it is subject to avoidance by the trustee. 11 U.S.C. § 544. Any property transferred as a result of this security interest may be recovered by them. 11 U.S.C. § 550(a)(1).

#### III

■ Even if defendants' security interest in this case had been perfected, it would have been a pre-petition security interest in pre-petition milk and the proceeds of pre-petition milk. Such a lien would not attach

1. Further references to the S.C.Code (1976, as amended) shall be by section number only.

to milk produced post-petition and the proceeds generated from such milk. *In re Lawrence,* 41 B.R. 36 (Bankr.D.Minn.1984); *In re Pigeon,* 49 B.R. 657 (Bankr.D.N.Dakota 1985). The milk and milk proceeds are property of the estate. 11 U.S.C. § 541(a)(6). As the proceeds of milk produced by the Flowers' cattle post-petition is an asset which was not in existence before the filing of the petition for relief, FmHA's security interest does not attach. 11 U.S.C. § 552(a). *In re Pigeon; In re Lawrence.* This conclusion is reached in light of the particular facts of this case.

## IV

Because FmHA's claim to real estate is fully unsecured and because there is no perfected security interest in post-petition milk and milk proceeds, FmHA's claim is completely unsecured; *ergo,* the payments it has received since March 8, 1984, pursuant to the unperfected assignment, are post-petition transfers which may be avoided under 11 U.S.C. § 549.[2]

## ORDER

IT IS ORDERED, ADJUDGED AND DECREED that the real estate liens of the FmHA are voided, the unperfected security interest of the FmHA in milk and milk proceeds is voided, and FmHA has no security interest in post-petition milk or the proceeds thereof. FmHA is enjoined from collecting any monies, representing proceeds from the sale of the Flowers' milk to Sumter Dairies, from Sumter Dairies, Inc. The post-petition transfers received by FmHA totaling $90,876. are voided and defendant is ordered to refund the proceeds within thirty (30) days from the date of this order.

**2.** 11 U.S.C. § 549(a) provides: "Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—(1) made after the commencement of the case; ...."