**In re Jon L. GLANZ and Diane R. Glanz, Debtors.**

**Jon L. GLANZ, et al., Plaintiffs,**

**v.**

**RJF INTERNATIONAL CORPORATION, Defendant.**

**Bankruptcy No. 95–1–6794–DK.
Adversary No. 96–1–A198–DK.**

United States Bankruptcy Court,
D. Maryland,
Greenbelt.

Feb. 26, 1997.

David R. Kuney, Potomac, MD, for Debtor/Plaintiff.

Richard A. Gross, Washington, DC, for Defendant.

## MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

Before the court are the motions of Jon L. Glanz and Diane R. Glanz (the "Plaintiffs") and RJF International Corporation (the "Defendant") for summary judgment on a two-count action to avoid a transfer of a security interest in property to the Defendant. For the reasons stated herein, the court grants the Plaintiffs' motion for summary judgment as to Count 1. Because the ruling on Count 1 avoids the transfer of the security interest on alternate grounds, the court abstains from consideration of the parties' motions for summary judgment as to Count 2.

The Plaintiffs are the sole trustors, trustees, and initial beneficiaries of the Glanz Trust. The Glanz Trust was executed on September 18, 1987 as a revocable living trust, and contains real property located at 35315 Beach Road, Capistrano Beach, California (the "Property"). Plaintiff Jon L. Glanz is also the owner of all of the capital stock of Capital Acquisition Corporation, which in turn is the one hundred percent owner of Capital–Asam, Inc. The Defendant is the principal trade supplier of Capital–Asam, Inc.

The transfer at issue resulted from the execution of a Debt Restructuring Agreement between Plaintiff Jon L. Glanz and the Defendant on October 16, 1995. Pursuant to the Debt Restructuring Agreement, the parties restructured $500,00.00 of Capital–Asam's $1,640,000.00 debt to the Defendant in exchange for the Plaintiffs' execution and delivery of a $588,957.00 promissory note secured by a Short Form of Deed of Trust and Assignment of Rents (the "Deed of Trust") on the Property. The Plaintiffs executed and delivered the promissory note and Deed of Trust to the Defendant on October 16, 1995. On November 1, 1995, the Plaintiffs filed for bankruptcy under Chapter 11. On November 10, 1995, the Defendant recorded the Deed of Trust in Orange County, California.

The Plaintiffs commenced this adversary proceeding on May 29, 1996, by filing by a two-count complaint to avoid the transfer of the lien imposed by the Deed of Trust. In Count 1, the Plaintiffs seek to exercise the powers of a hypothetical judicial lien creditor and bona fide purchaser to avoid the transfer pursuant to 11 U.S.C. §§ 544(a), 550, and 1107. In Count 2, the Plaintiffs seek to avoid the transfer to the Defendant of the lien interest in the Property as a preferential transfer pursuant to 11 U.S.C. §§ 547, 550, and 1107. On November 15, 1996, the Plaintiffs filed the pending Motion for Summary Judgment and a Memorandum in Support of Plaintiffs' Motion for Summary Judgment on both counts of the complaint. On the same date, the Defendant also filed a Motion for Summary Judgment and a Memorandum of Points and Authorities in Support of Motion for Summary Judgment on both counts.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 883–84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *Sylvia Dev. Corp. v. Calvert County, Maryland,* 48 F.3d 810, 817 (4th Cir.1995). In considering a motion for summary judgment the court must view all permissible inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tuck v. Henkel,* 973 F.2d 371, 374 (4th Cir.1992), *cert. denied,* 507 U.S. 918, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993). Summary judgment is appropriate only if, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the non-moving party. *Matsushita,* 475, U.S. at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In Count 1, the Plaintiffs seek to avoid the transfer of the security interest in the Property pursuant to 11 U.S.C. § 544(a). The Plaintiffs claim that the Defendant had not recorded the Deed of Trust as of the date of the bankruptcy filing, and that Plaintiffs therefore are entitled to assert the avoidance powers of a hypothetical judicial lien creditor and bona fide purchaser in order to avoid the transfer of the security interest in the Property. The Defendant does not dispute the Plaintiffs' assertion that the Deed of Trust was unrecorded as of the date of the bankruptcy filing. Rather, the Defendant claims that the Plaintiffs are not entitled to the relief requested and that Plaintiffs lack standing to bring an avoidance action on behalf of the estate.

There being no dispute as to material facts, the court finds that the Plaintiffs, as hypothetical judicial lien creditors and bona fide purchasers, are entitled to avoid the transfer of the security interest in the Property to the Defendant as a matter of law.

■ Section 544 of the Bankruptcy Code provides, in material part:

(a) The trustee shall have, as of the commencement of the case, *and without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; [or]

\*     \*     \*     \*     \*     \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (emphasis added). Pursuant to this statute, a trustee may exercise the avoidance rights and powers of a judicial lien creditor who obtains a judicial lien at the commencement of the case, and the rights and powers of a bona fide purchaser who has perfected its interest at the commencement of the case. The extent of these rights and powers are governed by applicable state law. *Crestar Bank v. Neal (In re Kitchin Equipment Co. of Virginia, Inc.)*, 960 F.2d 1242, 1245 (4th Cir.1992); *Havee v. Belk*, 775 F.2d 1209 (4th Cir.1985). Further, section 544(a) grants the trustee these rights and powers to avoid transfers of property of the debtor *"without regard to any knowledge of the trustee."* 11 U.S.C. § 544(a) (emphasis added).

In ascertaining the extent to which the "knowledge of the trustee" is to be disregarded for purposes of this analysis, courts have found that the statutory language requires that the trustee's actual knowledge be disregarded. *See Greenbelt Coop., Inc. v. Werres Corp. (In re Greenbelt Coop., Inc.)*, 124 B.R. 465, 471 (Bankr.D.Md.1991); *see also Wonder–Bowl Properties v. Kim (In re Kim)*, 161 B.R. 831, 835 (9th Cir. BAP 1993); *Chbat v. Tleel (In re Tleel)*, 876 F.2d 769, 772 (9th Cir.1989); *Sandy Ridge Oil Co., Inc. v. Centerre Bank Nat'l Ass'n (In re Sandy Ridge Oil Co., Inc.)*, 807 F.2d 1332, 1335 (7th Cir.1986); *McCannon v. Marston*, 679 F.2d 13, 16–17 (3rd Cir.1982); *Bandell Invs., Ltd. v. Capitol Federal Sav. & Loan Ass'n (In re Bandell Invs., Ltd.)*, 80 B.R. 210, 212 (D.Colo.1987); *Unitas, Inc. v. Parson (In re Jones)*, 77 B.R. 541, 545 (Bankr.N.D.Tex. 1987); *Cain v. L.B. Smith, Inc. (In re Stebow Constr. Co., Inc.)*, 73 B.R. 459, 467 (Bankr. D.N.J.1987); *United States v. MSC, Inc. (In re MSC, Inc.)*, 54 B.R. 650, 652 (Bankr. D.S.C.1985); *Matos v. Gwinnett Bank & Trust Co. (In re Matos)*, 50 B.R. 742, 744–45 (N.D.Ala.1985); *cf. Smith v. Mixon*, 788 F.2d 229, 232 (4th Cir.1986) (citing *Gillman v. Preston Family Inv. Co. (In re Richardson)*, 23 B.R. 434, 439 (Bankr.D.Utah 1982)). In contrast, courts have determined that the statutory language does not compel a disregard of constructive knowledge charged to a trustee at the commencement of the case. *Robertson v. Peters (In re Weisman)*, 5 F.3d

417, 420 (9th Cir.1993); *see also In re Tleel,* 876 F.2d at 772; *Swiss Bank Corp. v. Van Ness Assocs., Ltd. (In re Van Ness Assocs., Ltd.),* 173 B.R. 661, 668, 670 (Bankr.N.D.Cal. 1994); *The Fry Bros. Co. v. Van Waters & Rogers (In re The Fry Bros. Co.),* 52 B.R. 169, 172 (Bankr.S.D.Ohio 1985); *Varon v. Trimble, Marshall & Goldman (In re Euro–Swiss Int'l Corp.),* 33 B.R. 872, 881 (Bankr. S.D.N.Y.1983). For example, constructive knowledge may arise if the transferee is in open and notorious possession of the premises. *In re Weisman,* 5 F.3d at 421.

Notwithstanding the express language of § 544(a), i.e. "and without regard to any knowledge of the trustee," Defendant argues that the debtor-in-possession cannot avoid the transfer because of the knowledge of the debtor-in-possession that the deed of trust had been signed and delivered, citing *Pyne v. Hartman Paving, Inc. (In re Hartman Paving, Inc.),* 745 F.2d 307 (4th Cir.1984). In *Hartman,* before filing for bankruptcy, a debtor-in-possession executed and delivered a deed of trust to an appointed trustee. The appointed trustee also notarized the deed. Under West Virginia law, a deed of trust acknowledged by the grantor before a trustee also acting as notary is invalid against all judgments and subsequent bona fide purchasers for value, but is valid between the parties to the instrument or those purchasing with actual notice. The Fourth Circuit held that although the debtor-in-possession was entitled to exercise the powers of a subsequent bona fide purchaser under 11 U.S.C. § 544(a), the debtor-in-possession's status as a party to the original transaction and consequently its actual knowledge of the transaction precluded it from avoiding the transfer under West Virginia law.

However, nowhere in the *Hartman* decision is there to be found any reference to, application of, or discussion concerning the above quoted statutory language which precludes consideration of the knowledge of the trustee in the determination of the rights of a bona fide purchaser or judicial lien creditor under state law. The *Hartman* bankruptcy case was filed shortly after the enactment of § 544(a) as part of the present Bankruptcy Code. Apparently this federal statutory provision, which modifies state law to the extent that knowledge of the trustee would affect the rights of a bona fide purchaser or judicial lien creditor, was not argued or considered. Since the *Hartman* decision, virtually every court which has considered this question has recognized the effect of the language found in § 544(a), which removes the trustee's actual knowledge as an element in the application of the rights of a bona fide purchaser or judicial lien creditor. *See In re Greenbelt Coop., Inc.,* 124 B.R. 465, 471 (Bankr.D.Md. 1991); *see also In re Kim,* 161 B.R. 831, 835 (9th Cir. BAP 1993); *In re Tleel,* 876 F.2d 769, 772 (9th Cir.1989); *In re Sandy Ridge Oil Co.,* 807 F.2d 1332, 1335 (7th Cir.1986); *McCannon v. Marston,* 679 F.2d 13, 16–17 (3rd Cir.1982); *In re Bandell Invs., Ltd.,* 80 B.R. 210, 212 (D.Colo.1987); *In re Matos,* 50 B.R. 742, 745 (N.D.Ala.1985); *In re Jones,* 77 B.R. 541, 545 (Bankr.N.D.Tex.1987); *In re Stebow Constr. Co.,* 73 B.R. 459, 467 (Bankr. D.N.J.1987); *In re MSC, Inc.,* 54 B.R. 650, 652 (Bankr.D.S.C.1985).

Furthermore, the Fourth Circuit's reasoning in subsequent decisions is consistent with the conclusions in the cases cited immediately above. *See In re Kitchin Equipment Co.,* 960 F.2d 1242 (4th Cir.1992); *Smith v. Mixon,* 788 F.2d 229, 232 (4th Cir.1986). In *Smith,* a decision issued two years after *Hartman,* the court ascertained the scope of the word "knowledge" as used in 11 U.S.C. § 550(b)(1). The court stated that "as several courts have noted when analyzing § 544 of the Bankruptcy Code, 'the term 'notice' may include either actual or constructive notice, while the term 'knowledge' includes only actual notice. That Congress selected the term 'knowledge' is significant.'" *Smith v. Mixon,* 788 F.2d at 232 (citing *In re Richardson,* 23 B.R. 434, 439 (Bankr.D.Utah 1982)). In *In re Kitchin Equipment Co.,* the Fourth Circuit stated that "a trustee or debtor-in-possession, without regard to any knowledge, is empowered to avoid any transfer of property of the debtor." *In re Kitchin Equipment Co.,* 960 F.2d at 1245. The court follows this statement with a citation to *Rock Hill Nat'l Bank v. York Chem. Indus., Inc. (In re York Chem. Indus., Inc.),* 30 B.R. 583, 585 (Bankr.D.S.C.1983). *In re York Chemical Industries, Inc.,* in turn, states that "the

debtor's actual knowledge is not relevant." *In re York Chem. Indus., Inc.,* 30 B.R. at 586.

This court concludes that were the Fourth Circuit to analyze the precise statutory language of 11 U.S.C. § 544(a) as presently raised before this court, the Fourth Circuit would conclude that the language compels a disregard of a trustee's actual knowledge. Such a result would give meaning to all parts of the statute. *United States v. Snider,* 502 F.2d 645, 652 (4th Cir.1974) ("[A]ll parts of the statute must be read together, neither taking specific words out of context ... nor interpreting one part so as to render another meaningless....") (citations omitted). Moreover, it is consistent with applications of the statute in other cases before this court. *See In re Greenbelt Coop., Inc.,* 124 B.R. 465 (Bankr.D.Md.1991).

Although the holding in *Greenbelt Cooperative* specifically addressed actions pursuant to subsection (1), the ruling applies with equal force to all subsections within the scope of § 544(a). The policy behind this result is succinctly set forth in the *Greenbelt Cooperative* opinion:

> The reason for the trustee's enhanced position is due to the trustee's unique position as the caretaker of the estate and the trustee's responsibility to preserve the estate's assets for the benefit of all creditors. *See In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222 (8th Cir.1987), *cert. denied sub nom. Jacoway v. Anderson,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). The trustee is thus given the power and ability to avoid all unperfected security interests. The trustee is an entity distinct from the debtor, even where the debtor, as debtor-in-possession, is acting as trustee and the debtor had actual knowledge of an unperfected security interest. If a case concludes unsuccessfully with a dismissal, so that the avoidance of a transfer is no longer beneficial to creditors, but only to the debtor, a transfer avoided under Section 544(a) is reinstated. 11 U.S.C.

§ 349(b)(1)(B). This prevents a windfall for a debtor outside a bankruptcy case. *Id.* at 471.

■ Accordingly, this court finds that, to the extent that the *Hartman* opinion would be inconsistent with this result, the United States Court of Appeals for the Fourth Circuit would find, as this court does, when the full language of § 544(a) is applied to the facts of this adversary proceeding.[1] This court holds that § 544 provides a trustee with the rights and powers of a judicial lien creditor and bona fide purchaser, as of the commencement of the case, to avoid the transfer of an unperfected interest. These rights and powers are defined under applicable state law, but without regard to the actual knowledge of the trustee, although subject to the effect of any constructive notice in existence as of the commencement of the case. *Accord Dunes Hotel Assoc. v. Hyatt Corp. (In re Dunes Hotel Assocs.)* 194 B.R. 967 (Bankr.D.S.C.1995).

■ In this case, since the transfer is of a security interest in property located in California, the rights of a judicial lien creditor or bona fide purchaser are defined by California law, subject to the above discussed limitations imposed by 11 U.S.C. § 544(a). *Marshack v. Sauer (In re Palmer),* 140 B.R. 765, 770–771 (Bankr.C.D.Cal.1992). California law allows a judicial lien creditor and a bona fide purchaser to avoid a prior unperfected security interest:

> Every conveyance of real property ... is void as against any subsequent purchaser or mortgagee of the same property ... whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

Cal.Civ.Code § 1214 (West 1997). Considered under this statute alone, a judicial lien creditor and bona fide purchaser would be able to avoid the Plaintiffs' transfer of the security interest in the Property to the Defendant.

---

1. In addition, *Hartman* was decided based solely upon the application of the "intricacies of West Virginia real property conveyance law," *In re*

*Greenbelt Cooperative,* 124 B.R. at 471, which is wholly inapplicable to this case.

■ The California Code further provides that "[a]n unrecorded instrument is valid as between the parties thereto and those who have notice thereof." Cal.Civ.Code § 1217; *In re Van Ness Assocs.*, 173 B.R. 661, 670 (Bankr.N.D.Cal.1994). However, this constraint that an unrecorded instrument is valid against a party which has notice must be considered as preempted by the language of § 544(a), which provides that the trustee's power to assume the status of a bona fide purchaser is to be applied without regard to any knowledge of the trustee or creditor. Therefore, in the instant case, the Plaintiffs' actual knowledge of the transfer of the interest in the Property will not be considered to defeat their ability to avoid the transfer as a hypothetical lien creditor or bona fide purchaser under California law.

■ Plaintiffs' rights are subject to any constructive knowledge that could be charged to a judicial lien creditor or bona fide purchaser at the time of the commencement of the case. Under the uncontested facts, considered in the light most favorable to the non-movant Defendant, there was no such constructive notice. California courts have held that the determination of whether a trustee as a bona fide purchaser on the day of the bankruptcy petition should be charged with constructive notice is governed by California Civil Code § 19, which provides that "[e]very person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." Cal.Civ. Code § 19 (West 1997). The Ninth Circuit has stated in this context that

the question is whether a prudent purchaser, in light of the information reasonably available to him on the date the Weismans filed their bankruptcy petition, would have made an inquiry into the possibility that

Peters owned his residence outright. A 'prudent purchaser' describes someone who is shrewd in the management of practical affairs and whose conduct is marked by wisdom, judiciousness, or circumspection.... In this connection, he is charged with knowledge of information that a reasonable inspection of the property would have revealed.... Whether the circumstances are sufficient to require inquiry as to another's interest in property for the purposes of section 19 is a question of fact, even where there is no dispute over the historical facts.

*In re Weisman*, 5 F.3d 417, 420–21 (9th Cir.1993). In the instant case, the record does not show the existence of any circumstances sufficient to require inquiry as to whether or not an unrecorded deed of trust had been granted. It is undisputed that the Deed of Trust was unrecorded at the commencement of the Plaintiffs' bankruptcy filing.[2] The Defendant was not in possession of the Property, nor was there any other available information sufficient to have put a lien creditor or bona fide purchaser on inquiry notice as to Defendant's unrecorded lien interest in the property.

■ Defendant's final argument, that the Plaintiffs lack standing to avoid the transfer, is incorrect. Defendant argues that in the case of *Wellman v. Wellman*, 933 F.2d 215, 219 (4th Cir.), *cert. denied*, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991), the Fourth Circuit held that a debtor does not have standing to bring an avoidance action where the debtor is solvent, where no creditors can benefit from the avoidance action, and where any recovery is unnecessary to satisfy any creditor's claims. In its Motion for Summary Judgment, Defendant goes through a factual analysis purporting to show that all of the creditors' claims have been, or shortly will, be paid in full. Fur-

---

2. The Defendants assert that the Plaintiff filed for bankruptcy on November 1, 1995, and that the Defendant recorded the Deed of Trust on November 10, 1995. Although the Defendant's answer denies Plaintiffs' allegation that at the commencement of the case the Defendant had failed to make a public record of, and thus perfect its interest under the Deed of Trust in the manner permitted by applicable law, the Defendant states

in its Motion for Summary Judgment that it indeed recorded the Deed of Trust on November 10, 1995. As a consequence, there is no factual dispute that the Deed of Trust was not recorded until after the bankruptcy filing. The post-petition recordation of the Deed of Trust violated the automatic stay imposed by 11 U.S.C. § 362(a)(4) and is a nullity. *See In re Lampkin*, 116 B.R. 450 (Bankr.D.Md.1990).

ther, the Defendant states that the Plaintiffs' schedules conclusively establish that the Plaintiffs were and are solvent. Defendant concludes that since (allegedly) no creditor stands to benefit from the avoidance action at issue, and since (allegedly) the debtors are solvent, that *Wellman* compels the conclusion that the Plaintiffs do not have standing to bring the avoidance action.

Defendant's argument fails to acknowledge, however, the difference between the facts underlying the *Wellman* decision and the facts before the Court in the instant matter, and fails to take into account the critical distinction between the avoidance of a transfer and the recovery of a transfer.

■ In *Wellman,* the Court of Appeals affirmed the district court's decision that the debtor did not have standing to pursue an action under 11 U.S.C. § 548 because the action was for the benefit of the debtor and not for the benefit of the estate. Section 548(a) of the Bankruptcy Code permits a trustee (or debtor-in-possession exercising the rights and duties of a trustee as authorized by 11 U.S.C. § 1107(a)) to *"avoid* any transfer of an interest of the debtor in property, or any obligation incurred by the debtor" under circumstances involving actual or constructive fraud. 11 U.S.C. § 548(a) (emphasis supplied).[3] Section 548 imposes no requirement that an avoidance action be brought only under circumstances where the avoidance will result in a benefit to the bankruptcy estate. Rather, the statutory prerequisite of obtaining a benefit to the estate is found in § 550(a) of the Bankruptcy Code, which provides in material part:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may *recover, for the benefit of the estate,* the property transferred, or, if the court so orders, the value of such property …

11 U.S.C. § 550(a) (emphasis supplied). An action under § 550 to recover property cannot occur unless there has first been an action brought to avoid the transfer of that property pursuant to §§ 544, 545, 547, 548, 549, 553(b), or 724(a) of the Bankruptcy Code. In other words, recovery under § 550 is a supplemental remedy that gives effect to a previously avoided transfer. *See Industrial & Municipal Eng'g. Inc. v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.),* 178 B.R. 753, 758–60 (Bankr.C.D.Ill.1995); *see also Acequia, Inc. v. Clinton (In re Acequia),* 34 F.3d 800, 809 (9th Cir.1994).

In the *Wellman* case, the debtor brought an action to avoid a transfer of stock as a fraudulent conveyance pursuant to § 548, the net proceeds of which were to be used for the payment of non-recourse notes executed by the debtor. In order to obtain the proceeds of the avoided transfer, however, the debtor was also required to bring an action to recover those proceeds pursuant to § 550. The court's holding that the debtor lacked standing to bring the avoidance action under § 548 was based on the fact that any subsequent recovery under § 550 would not result in a benefit to the estate. Since the debtor's avoidance action served no purpose without a corresponding recovery action under § 550, dismissal of the § 548(a) action was appropriate.

---

**3.** 11 U.S.C. § 548 provides as follows:

    (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

        (1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor has or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

        (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

        (B)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

        (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

        (iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

In the case at bar, on the other hand, the plaintiffs' cause of action under § 544(a) is not at all affected by the provisions of § 550.[4] The avoidance of the unperfected lien pursuant to § 544(a) is a meaningful event in and of itself, and requires no further action to be taken by the debtor. There is simply nothing to "recover" under § 550(a), and therefore the "benefit to the estate" analysis discussed in the *Wellman* decision is not directly applicable to this lien avoidance action.

Notwithstanding this fact, a debtor's power to avoid transfers pursuant to § 544(a) is not unrestricted, and equitable principles may be applied to bar a lien avoidance action where the avoidance does not accrue to the benefit of creditors but instead creates a windfall for the debtor. *See In re Greenbelt Coop., Inc.*, 124 B.R. 465, 472–74 (Bankr.D.Md.1991). But this is not the case in the matter before the Court. As set forth in the *Greenbelt Cooperative* decision, the appropriate standard is *not* whether the avoidance is required in order to meet the obligations of other creditors, but rather whether the estate will receive some measure of benefit:

> The *necessity* of such recovery in order for Debtor to be able to meet its obligation to unsecured creditors is not relevant. What matters is whether unsecured creditors will receive "... some benefit from the recovery of the preferences, even if it is not an increase in the amount the creditors will receive." *In re Centennial Industries, Inc.*, 12 B.R. 99, 102 (Bankr.S.D.N.Y.1981). All that is required is that recovery by Debtor will increase its assets and improve its financial health to the extent that the likelihood is improved of its being able to satisfy its obligations to its creditors under the Plan.

*Id.* at 473–74 (emphasis in original) (quoting *In re Funding Sys. Asset Management Corp.*, 111 B.R. 500, 523 (Bankr.W.D.Pa. 1990)). In the case at bar, the avoidance of the lien results in a corresponding increase in the equity in the Property, thereby improving the debtor's overall financial health and ability to effectuate a plan of reorganization.

Alternatively, the Court finds that even if *Wellman* were to apply lien avoidance actions under § 544(a), the avoidance of the lien in the instant matter confers a sufficient benefit to the estate under the standard articulated in the *Greenbelt Cooperative* case. *Cf. In re Acequia*, 34 F.3d at 812 (finding that recovery under § 544(b) would benefit the estate by securing debtor's performance of its post-confirmation obligations under a plan of reorganization, and reimbursing estate for costs of pursuing fraudulent conveyance litigation). *Wellman* does not stand for the proposition that any debtor-in-possession whose schedules reflect "solvency on paper" on the petition date has no standing to bring avoidance actions. As the Court of Appeals noted in the *Wellman* decision, a determination of benefit to the estate must be considered "on a case-by-case fact-specific analysis." *Wellman*, 933 F.2d at 218. The Court finds, based upon the specific facts before it, that the avoidance of the lien contributes to the overall financial vitality of, and therefore confers a benefit to, the bankruptcy estate.

In light of the foregoing, this court concludes that the Plaintiffs have standing to pursue this avoidance action. For the reasons stated above, the Plaintiffs' motion for summary judgment shall be granted as to Count I of the complaint. Because the court has determined the transfer of the lien interest to be avoidable under § 544, the court does not reach the issue of whether the transfer of the security interest is avoidable under § 547.

---

4. This would not be the case with respect to the second count of Plaintiffs' complaint, which seeks to avoid the lien as a preferential transfer pursuant to 11 U.S.C. § 547. But having concluded that the lien is avoidable pursuant to § 544(a) of the Bankruptcy Code, the Court does not reach the preference issue.