**In re Mark H. PRIEST, Debtor.**

**Saul Eisen, Trustee, Plaintiff,**

**v.**

**Allied Bancshares Mortgage Corp. LLC, et al., Defendants.**

**No. 99–13816.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

May 25, 2000.

David O. Simon, Cleveland, OH, for Plaintiff.

Richard J. Ambrose, Nischwitz, Pembridge & Chriszt Co., L.P.A., Cleveland, OH, for Countrywide Home Loans, Inc., assignee of Allied Bancshares Mortgage Corp.

*MEMORANDUM OF OPINION RE CROSS MOTIONS FOR SUMMARY JUDGMENT ON CERTAIN DEFENSES. AND ORDER*

PAT E. MORGENSTERN-CLARREN, Bankruptcy Judge.

This is another in a series of cases in which a Chapter 7 trustee seeks to avoid a recorded mortgage on real estate owned by a debtor on the ground that the debtor did not sign the mortgage in the presence of two witnesses, as required by Ohio Revised Code § 5301.01. The trustees generally contend that this deficiency, if proven, permits a trustee to avoid the mortgage and bring the asset into the estate under 11 U.S.C. § 544.

In this case, Plaintiff Saul Eisen, Chapter 7 Trustee, filed a complaint to avoid a mortgage originally held by Allied Bancshares Mortgage Group, LLC ("Allied") and later assigned to Countrywide Home Loans, Inc. ("Countrywide"). Countrywide has asserted two defenses: (1) that recently enacted Ohio Revised Code § 5301.234 bars this action; and (2) that it is protected under 11 U.S.C. §§ 550(b) and (e). The Trustee has moved for summary judgment as to both defenses. (Docket 16). Countrywide responded with respect to the § 550 issue, but did not oppose the relief requested under Ohio Revised Code § 5301.234. (Docket 19). Countrywide also asked in its brief that summary judgment be entered in its favor, although it did not file a formal motion to that effect.

### JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c), made applicable by Fed. R. Bankr.P. 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. In-*

*dus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The parties agree that the facts are not in dispute and that the availability of the defenses should be decided as a matter of law.

### FACTS

The Debtor owns real estate located at 3770 Wooster Road, Rocky River, Ohio (the "Property"). On November 19, 1998, the Debtor executed and delivered a mortgage on the Property to Allied. Allied, in turn, assigned the mortgage to Countrywide on November 30, 1998. The mortgage and assignment were recorded with the county recorder. The Trustee agrees, for purposes of this motion only, that Countrywide is a good faith transferee of Allied, for value, and without notice of any defect in the mortgage.

Countrywide adds these facts, without opposition from the Trustee: The Allied mortgage was in the amount of $114,600. Of this, Allied paid $107,910.88 to North American Mortgage to satisfy an existing mortgage, $902.56 was used to pay the first installment of 1998 property taxes, and the $5,786.56 balance was used to pay the Debtor's settlement costs.

### DISCUSSION

#### Ohio Revised Code § 5301.234 [1]

This section became effective on June 30, 1999. *See* 1999 Ohio H.B. 163 § 25.

This Court has previously held that the statute applies prospectively only. *Helbling v. Ducksworth, (In re Ducksworth)*, 1999 WL 970273 (Bankr.N.D.Ohio 1999); *see also Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76 (6th Cir. BAP 1999). The Trustee argues that the statute does not apply to this case because the mortgage was executed before the effective date. Countrywide did not respond to the Trustee's position. Absent a response, the Court assumes that Countrywide does not oppose the relief requested. Therefore, as this defense is unavailable to Countrywide, summary judgment will be granted to the Trustee on this point.

#### 11 U.S.C. § 550

The next issue is whether Countrywide may raise defenses under § 550. For purposes of resolving this issue only, the parties assume that the mortgage was defectively executed, that it was not entitled to be recorded, and that Countrywide is a good faith transferee of the mortgage, for value, and without knowledge of the defect. Countrywide argues that even if the Trustee may avoid the transfer under § 544 because of the defect, Countrywide has defenses under § 550 that essentially protect its position. The availability of those defenses hinges on whether § 550 even applies to this dispute; in other words, is it

---

**1.** (A) Any recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage, unless one of the following applies:

  (1) The mortgagor, under oath, denies signing the mortgage.

  (2) The mortgagor is not available, but there is other sworn evidence of a fraud upon the mortgagor.

(B) Evidence of an actual or alleged defect in the witnessing or acknowledgment on the mortgage is not evidence of fraud upon the

mortgagor and does not rebut the presumption that a recorded mortgage is properly executed.

(C) The recording of a mortgage is constructive notice of the mortgage to all persons, including without limitation, a subsequent bona fide purchaser or any other subsequent holder of an interest in the property. An actual or alleged defect in the witnessing or acknowledgment on the recorded mortgage does not render the mortgage ineffective for purposes of constructive notice.

enough for the Trustee to avoid Countrywide's interest in the Property under § 544 or is he also required to recover Countrywide's interest under § 550(a)? The Trustee contends that he does not have to recover the interest. Countrywide's position is that the Trustee must do so, which gives rise to the defenses.[2]

The question of whether a trustee may avoid a transfer under § 544 as an independent remedy or whether the trustee is also required to recover the avoided transfer under § 550 is one of statutory construction. This Court has previously noted:

> [t]he starting point for deciding [a dispute over statutory interpretation] is the statute itself. *Appleton v. First Nat'l Bank of Ohio,* 62 F.3d 791, 801 (6th Cir.1995). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). A statute is to be read in a straightforward and commonsense manner. *Rogers v. Laurain (In re Laurain),* 113 F.3d 595 (6th Cir.1997). If the statutory language is clear, the court's obligation is to enforce it without further analysis. "The court must look beyond the language of the statute, however, when the text is ambiguous or when, although statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress." *Vergos v. Gregg's Enters., Inc.,* 159 F.3d 989, 990 (6th Cir.1998). In those " 'rare cases [in which] the

literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters ...' the intention of its drafters, rather than the strict language controls." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

*In re Crawford,* 232 B.R. 92, 96 (Bankr. N.D.Ohio 1999).

A review of the Bankruptcy Code shows that Congress dealt separately with the concepts of avoidance and recovery in a number of ways. First, avoidance and recovery are set forth in two different sections, which indicates that the two ideas were intended to be independent remedies. *See generally Harrison v. Brent Towing Co. (In re H & S Transp. Co.),* 939 F.2d 355, 358 (6th Cir.1991). Additionally, avoidance and recovery have separate statutes of limitations. *See* 11 U.S.C. § 546(a) which provides the time frame for commencing avoidance actions under § 544 and 11 U.S.C. § 550(f) which addresses the same issue for § 550 actions. The Code also treats avoidance and recovery independently when a case is dismissed. *Compare* 11 U.S.C. §§ 349(b)(1)(B) and (b)(2). A straightforward reading of the statutory language leads to the conclusion that § 544(a) avoidance and § 550 recovery are independent statutory remedies, which means that the Trustee may avoid Countrywide's lien without necessarily recovering it. *See Roost v. Associates Home Equity Servs., Inc. (In re Williams),* 234 B.R. 801 (Bankr.D.Or.1999). This result is consistent with the intentions of the drafters. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 375 (1977), reprinted in 1978

---

**2.** Section 550, which addresses the liability of a transferee of an avoided transfer, provides:
    (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.] 11 U.S.C. § 550(a).

U.S.C.C.A.N. 5787, 6331 ("Section 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee.").

Other courts have reached the same conclusion. *See, for example, Dunes Hotel Assocs. v. Hyatt Corp.*, 245 B.R. 492, 499 (D.S.C.2000) ("This means that a trustee or debtor-in-possession may avoid a transfer or lien without automatically triggering the recovery provisions of § 550(a)."); *Glanz v. RJF Int'l Corp. (In re Glanz)*, 205 B.R. 750, 758 (Bankr.D.Md.1997) ("In the case at bar ... the plaintiffs' cause of action under § 544(a) is not at all affected by the provisions of § 550. The avoidance of the unperfected lien pursuant to § 544(a) is a meaningful event in and of itself, and requires no further action be taken by the debtor. There is simply nothing to 'recover' under § 550(a) ...").

■■■ As avoidance and recovery are independent remedies, the Trustee is not required to recover the Property if avoidance gives him an adequate remedy in this case. To decide if avoidance alone gives the Trustee the relief that he requests, it is necessary to consider the different property interests that make up the bankruptcy estate. A Chapter 7 bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property rights are defined by state law. *Barnhill v. Johnson*, 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

■■■ Under Ohio law, the defective mortgage gave Countrywide an equitable interest in the Property, at most. *See Basil v. Vincello*, 50 Ohio St.3d 185, 189, 553 N.E.2d 602, 606 (1990); *See also In re Zaptocky.* Avoiding the mortgage nullifies that interest. *See Dunes Hotel Assocs.*

245 B.R. at 500 ("Avoidance of the leasehold interest renders it null and void as a matter of federal law, even if it was a valid transfer and enforceable between the parties under state law."); *McRoberts v. Transouth Fin. (In re Bell)*, 194 B.R. 192, 197 (Bankr.S.D.Ill.1996) ("A lien is avoided under § 544(a) as a transfer of the debtor's interest in property, and the consequence of such avoidance is a nullification of the transfer. This nullification means that the transfer is retroactively ineffective and that the transferee ... legally acquired nothing through it.").

Countrywide's avoided interest in the Property-the mortgage-becomes an asset of the estate based on §§ 551 and 541(a)(4) of the Bankruptcy Code. Section 551 first preserves the mortgage for the benefit of the estate: "[a]ny transfer avoided under section ... 544 ... is preserved for the benefit of the estate ... with respect to property of the estate[.]" 11 U.S.C. § 551. The mortgage then becomes an asset of the estate under § 541(a)(4), which provides that the estate includes "[a]ny interest in property preserved for the benefit of ... the estate under section ... 551 of this title." 11 U.S.C. § 541(a)(4). *See In re Bell.* The Debtor's interest in the Property became property of the estate at the time of filing. 11 U.S.C. § 541(a)(1). When that interest merges with the avoided mortgage, the Trustee holds the entire interest in the Property. Given that, there is no need for the Trustee to recover Countrywide's interest under § 550 and the defenses provided by § 550 are not available to Countrywide.

Countrywide relies in part on *Bash v. Lepelley (In re Lepelley)*, 233 B.R. 802 (Bankr.N.D.Ohio 1999) to support the argument that § 550(e) applies. While that case does apply that section to somewhat similar facts, the parties apparently did not raise-and, in any event, the Court did

not address-the underlying question of whether § 550 applied at all. This Court concludes that it does not under these circumstances.

## *CONCLUSION*

For the reasons stated, partial summary judgment is entered in favor of the Chapter 7 Trustee with respect to the state law and § 550 defenses discussed above. To the extent that Countrywide's request for summary judgment in its brief is intended as a motion, it is denied.

The Court makes no finding as to whether the mortgage was, in fact, validly executed, which matter remains for trial. A pretrial will be held in this case on July 6, 2000 at 8:15 a.m.

IT IS SO ORDERED.