**In re Roy Vaughn CARPENTER,
Cathy Ann Carpenter,
Debtors.**

**William T. Hendon, Trustee, Plaintiff,**

**v.**

**G.E. Capital Mortgage Services,
Inc., Defendant.**

**Bankruptcy No. 99–34566.
Adversary No. 01–3017.**

United States Bankruptcy Court,
E.D. Tennessee.

Aug. 13, 2001.

---

1. This statement is not intended to imply that these Debtors are dishonest or have abused the provisions of Chapter 13.

Edward J. Shultz, Hagood, Tarpy & Cox, PLLC, Knoxville, TN, for William T. Hendon, trustee.

William H. Skelton, Timothy F. Zitzman, Bass, Berry & Sims, PLC, Knoxville, TN, for G.E. Capital Mortgage Services, Inc.

## MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it the Motion for Summary Judgment filed by the Plaintiff on June 28, 2001, and the Defendant's Motion for Summary Judgment filed by the Defendant on July 18, 2001. At issue in this adversary proceeding are a Note and Deed of Trust executed by the Debtors on August 27, 1998, in favor of The Money Centre, Inc. The Trustee seeks to avoid the lien created by these documents, now held by the Defendant, pursuant to 11 U.S.C.A. § 544(a) (West 1993). The Defendant asserts that, despite the Trustee's § 544(a) avoidance powers, it is entitled to a replacement lien under 11 U.S.C.A. § 550(e) (West Supp.2001).

The Trustee's Complaint was filed on January 23, 2001. In addition to fully briefing their respective positions, the parties filed a Joint Stipulations of Fact on June 28, 2001, stipulating the following:

1. The debtor[s] commenced this Chapter 7 bankruptcy case by filing a voluntary petition on November 9, 1999.

2. The debtors acquired real property located at 408 Macedonia Church Road, Heiskell, TN 37754, in Union County, Tennessee by warranty deed dated January 18, 1996, which was recorded January 20, 1996 in Book G6, 587, in the Register's Office for Union County Tennessee.

3. On August 27, 1998, the [debtors] executed a note and a deed of trust in favor of The Money Centre, Inc., by which they pledged their interest in the real property as security for a loan from The Money Centre, Inc.

4. The Money Centre, Inc. failed to record the deed of trust in Union County. The deed of trust was mistakenly recorded in Unicoi County.

5. The Money Centre, Inc. assigned its rights under the deed of trust and note to G.E. Capital Mortgage Services, Inc. G.E. Capital Mortgage Services, Inc. (G.E. Capital) is the current party in interest.

6. Pursuant to a prior order of this Court, the Trustee has sold the property securing G.E. Capital's deed of trust, with the lien of G.E. Capital attaching to the proceeds of the sale to the extent that it was enforceable against the real property.

7. If [11 U.S.C.A. §] 550(e) is applicable, G.E. Capital would constitute a good faith transferee of the mortgage interest set forth in the deed of trust.

8. The entire loan amount of $67,200.00, which was purportedly secured by the deed of trust subsequently recorded in the wrong county, went towards payment of a debt secured by a lien on the [debtors'] property that would have been superior to the rights of the trustee.

9. The payment of the debt set forth in number 8 occurred after the transfer of the mortgage interest.

10. The property has been sold by the trustee by a court approved private sale for the amount of $47,200.00.

11. The profit realized by or accruing to G.E. Capital was less than $20,000.00 (the difference between the payment and the amount realized at the auction sale).

Pursuant to FED. R. CIV. P. 56(c), made applicable to this adversary proceeding by FED. R. BANKR. P. 7056, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The parties have stipulated all facts material to their dispute. The court will therefore proceed to resolve the legal issues before it.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (K) (West 1993).

## I

Section 544(a) of the Bankruptcy Code is commonly referred to as the "strong arm clause." Among other things, the strong arm clause gives certain lien avoidance powers to a Chapter 7 trustee, providing in material part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C.A. § 544(a) (West 1993).

■ While federal law grants to the Trustee the status of a judicial lien creditor or bona fide purchaser, the court must look to state law to determine the extent of those powers. *See Waldschmidt v. Dennis (In re Muller)*, 185 B.R. 552, 554 (Bankr. M.D.Tenn.1995). Tennessee law provides that trust deeds not "proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice." TENN. CODE ANN. § 66-26-103 (1993). Further, a written instrument documenting the transfer of an interest in real property is properly recorded in the county where the land lies. *See* TENN. CODE ANN. § 66-24-103 (1993).

■ A Chapter 7 trustee may therefore utilize § 544(a) to avoid a trust deed improperly recorded under Tennessee law. *See Muller*, 185 B.R. at 554–55. The Defendant makes no effort to argue that the present Deed of Trust is not subject to defeat by a judicial lien creditor or bona fide purchaser. Further, the court sees no such argument in the facts stipulated before it. The Trustee is accordingly enti-

tled to avoid the Defendant's security interest pursuant to 11 U.S.C.A. § 544(a)(1) and (3).

## II

■ Although its security interest may be avoided by the Trustee, the Defendant argues that it is entitled to a replacement lien pursuant to § 550(e)(1) of the Bankruptcy Code. That section provides:

(e)(1) A good faith transferee from whom the trustee may recover under subsection (a) of this section [1] [including recovery of transfers avoided under § 544] has a lien on the property recovered to secure the lesser of—

(A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and

(B) any increase in the value of such property as a result of such improvement, of the property transferred.

11 U.S.C.A. § 550(e)(1) (West Supp.2001). "Improvements" protected by this section include satisfaction of a prior lien on the property that would be "superior or equal to the rights of the trustee." 11 U.S.C.A. § 550(e)(2)(D) (West Supp.2001). The parties stipulate that the funds obtained through the present Note were applied to a prior encumbrance on the Debtors' home and that the prior lien would have been superior to the rights of the Trustee.

The precise issue before the court is thus whether the protections of § 550(e)(1) extend to holders of security interests

avoided under § 544(a), or, more specifically, whether anything is actually "recovered" under § 550(a) when a trustee uses his strong arm powers to avoid a nonpossessory interest such as the Defendant's Deed of Trust. This issue has not yet come before the Sixth Circuit Court of Appeals but has, however, been the subject of four conflicting opinions from the Bankruptcy Court for the Northern District of Ohio.

The first of these cases, *Bash v. Lepelley (In re Lepelley)*, 233 B.R. 802 (Bankr. N.D.Ohio 1999), involved the trustee's avoidance of an improperly executed mortgage. The *Lepelley* court held that the lender was entitled to a replacement lien under § 550(e). *See id.* at 809. However, the trustee in that case apparently did not contest, and the court did not address, the question of § 550(e)'s applicability to security interests. Because it did not discuss the issue now before this court, *Lepelley* is of limited assistance.

Section 550(e) resurfaced in *Eisen v. Allied Bancshares Mortgage Corp. LLC (In re Priest)*, No. 99–13816, 2000 WL 821379 (Bankr.N.D.Ohio May 25, 2000), involving another defectively executed mortgage. As with the present case, the *Priest* court was called upon to decide whether it is "enough for the Trustee to *avoid* [the lender's security] interest in the Property under § 544 or is he also required to *recover* [the lender's] interest under § 550(a)?" *Priest*, 2000 WL 821379, at *2 (emphasis added).

Analyzing the structure of the Bankruptcy Code, the *Priest* court noted that

---

**1.** Section 550(a) provides in material part:
 Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.
 11 U.S.C.A. § 550(a)(West 1993).

avoidance and recovery are treated differently in a number of ways. *See id.* The two concepts are set forth in two separate sections, *see* 11 U.S.C.A. §§ 544, 550, with two distinct statutes of limitations, *see* 11 U.S.C.A. §§ 546(a), 550(f), and are treated differently upon dismissal. *See* 11 U.S.C.A. § 349(b)(1)(B), (b)(2). In denying the lender's replacement lien, the *Priest* court held that "[a] straightforward reading of the statutory language leads to the conclusion that § 544(a) avoidance and § 550 recovery are independent statutory remedies, which means that the Trustee may avoid [the lender's] lien without necessarily recovering it." *Priest,* 2000 WL 821379, at *2; *accord Glanz v. RJF Int'l Corp. (In re Glanz),* 205 B.R. 750, 758 (Bankr.D.Md.1997) ("The avoidance of the unperfected lien pursuant to § 544(a) is a meaningful event in and of itself, and requires no further action to be taken by the debtor. There is simply nothing to 'recover' under § 550(a) ...."); *see also Dunes Hotel Assocs. v. Hyatt Corp.,* 245 B.R. 492, 498–99 (D.S.C.2000) (collecting cases).

*Priest* then traced the avoidance process through other Code sections to determine that § 550(a) "recovery" was not necessary for the trustee to obtain his requested relief. *Priest,* 2000 WL 821379, at *3. The court concluded:

> [The lender's] avoided interest in the Property—the mortgage—becomes an asset of the estate based on §§ 551 and 541(a)(4) of the Bankruptcy Code. Section 551 first preserves the mortgage for the benefit of the estate: "[a]ny transfer avoided under section ... 544 ... is preserved for the benefit of the estate ... with respect to property of the estate[.]" The mortgage then becomes an asset of the estate under § 541(a)(4), which provides that the estate includes "[a]ny interest in property preserved for the benefit of ... the estate under section ... 551 of this title." The Debtor's

interest in the Property became property of the estate at the time of filing. When that interest merges with the avoided mortgage, the Trustee holds the entire interest in the Property. Given that, there is no need for the Trustee to recover [the lender's] interest under § 550 and the defenses provided by § 550 are not available to [the lender].

*Id.; see also Walker v. Elam (In re Fowler),* 201 B.R. 771, 781 (Bankr.E.D.Tenn. 1996) (A security interest avoided under § 544(a)(1) is automatically preserved for the benefit of the estate under § 551 and becomes property of the estate under § 541(a)(4).).

The court in *Helbling v. Krueger (In re Krueger),* Ch. 7 Case No. 98–18686, Adv. No. 99–1016, 2000 WL 895601 (Bankr. N.D.Ohio June 30, 2000), reached the opposite conclusion. In *Krueger,* the trustee argued that § 550 is inapplicable to the avoidance of security interests because there is nothing to "recover." *See id.* at *3. The court disagreed, stating that transferees of nonpossessory interests should receive the same protections as possessory transferees. *See id.* The court additionally opined that " 'recovery' is a sufficiently elastic concept to be applied to both possessory and nonpossessory interests where, as here, both the context of its use in section 550(a) and the relevant legislative history so require." *Id.* at 5.

The legislative history to which *Krueger* refers is that of 11 U.S.C.A. § 550(c), which provides:

> (c) If a transfer made between 90 days and one year before the filing of the petition—
>
> > (1) is avoided under section 547(b) of this title; and
> >
> > (2) was made for the benefit of a creditor that at the time of such transfer was an insider;

the trustee may not recover under subsection (a) from a transferee that is not an insider.

11 U.S.C.A. § 550(c) (West Supp.2001). The *Krueger* court stated that "[t]his section was adopted at the instance of banks and other commercial lenders to overrule a line of cases" extending the recovery period for preferential transfers made for the benefit of an insider. *Krueger*, 2000 WL 895601, at *4–5.[2] The court then reasoned that "it strains credulity that either commercial lenders, or Congress acting at their behest to limit recovery of insider preferences to insiders, would limit 550(c)'s protection to possessory transfers." *Id.* at 4. *Krueger* does not address the *Priest* opinion.

Finally, § 550(e)'s applicability to holders of avoided security interests was most recently addressed in *Wasserman v. Household Realty Corp. (In re Barkley)*, 263 B.R. 553 (Bankr.N.D.Ohio 2001). In *Barkley*, the author of *Lepelley* adopted the holding of *Priest* without addressing *Krueger's* opposing views. *See id.* at 564–65.

### III

■ The court finds *Priest* to be the better-reasoned decision. Avoidance and recovery are recognized in the Sixth Circuit as two distinct remedies. *See Harrison v. Brent Towing Co., Inc. (In re H & S Transp. Co., Inc.)*, 939 F.2d 355, 358 (6th Cir.1991). The Plaintiff's Complaint was brought solely as an avoidance action under § 544(a). As noted, the Plaintiff may avoid the Defendant's security interest under § 544(a). Once that occurs, the inter-

est is preserved for the estate's benefit and protection by § 551 and becomes property of the estate pursuant to § 541(a)(4). These events are meaningful in and of themselves and necessitate no additional "recovery" by the Plaintiff. *See Glanz*, 205 B.R. at 758. Section 550 is simply not implicated in this adversary proceeding, and the defense of § 550(e) is therefore unavailable to the Defendant.

For the above reasons, the Plaintiff's Motion for Summary Judgment will be granted and the Defendant's lien encumbering the 408 Macedonia Church Road property in Union County, Tennessee, will be avoided. The Defendant's Motion for Summary Judgment will be denied.

An appropriate judgment will be entered.

---

**2.** The court was referring to the *Deprizio* line of cases. *See Levit v. Ingersoll Rand Financial Corp. (In re V.N. Deprizio Construction Co.)*, 874 F.2d 1186 (7th Cir.1989). However, the *Deprizio* line of cases addressed by § 550(c) primarily involved *payments*, not the granting of security interests, and "[i]t may

well be that Congress intended merely to fix the narrow problem of insider creditors having to repay *Deprizio*-like preferences." *Roost v. Associates Home Equity Servs., Inc. (In re Williams)*, 234 B.R. 801, 805 (Bankr. D.Or.1999) (citation omitted).