ELECTRONIC CITATION: 2001 FED App. 0011P (6th Cir.)
File Name: 01b0011p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: GERALD DALE BURNS JR. and LINDA JANE BURNS, Debtors. | ) ) ) |
| _____ | ) |
| ANDREW W. SUHAR, TRUSTEE, | ) ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) No. 00-8006 |
| GERALD DALE BURNS JR., et al., | ) ) ) |
| Defendants-Appellees, | ) ) |
| IMC MORTGAGE COMPANY, Defendant-Appellant. | ) ) ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division, at Youngstown.
Case No. 98-42868, Adversary No. 99-4003.

Argued: September 5, 2001.

Decided and Filed: November 2, 2001

Before: AUG, BROWN, and HOWARD,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Amelia A. Bower, McFADDEN & ASSOCIATES, Cleveland, Ohio, for Defendant-Appellant. Frederic P. Schwieg, Rocky River, Ohio, for Plaintiff-Appellee. **ON BRIEF:** Amelia A. Bower, McFADDEN & ASSOCIATES, Cleveland, Ohio, for Defendant-Appellant. Frederic P. Schwieg, Rocky River, Ohio, for Plaintiff-Appellee.

---

**OPINION**

---

WILLIAM HOUSTON BROWN, Bankruptcy Appellate Panel Judge. The assignee mortgage company appeals the bankruptcy court's finding that the mortgage was not signed by the Debtors in the presence of two witnesses, as required by Ohio law, and that court's decision that the trustee could avoid the mortgage under 11 U.S.C. § 544(a)(3), without giving any lien in favor of the mortgage company under § 550(e).

## I. STATEMENT OF ISSUE

Although IMC Mortgage Company ("IMC"), the appellant, asserts three issues on appeal, two are no longer relevant as a result of the decision of the Court of Appeals for this Circuit in *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020 (6th Cir. 2001). The remaining issue is one of law, whether the nonpossessory mortgagee whose lien is avoided pursuant to § 544(a) is entitled to any benefit under § 550 of the Bankruptcy Code.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction over appeals from final orders from the bankruptcy court for the Northern District of Ohio. 28 U.S.C. § 158(a)(1), (c)(1). The bankruptcy court's order finding IMC's mortgage defective and avoidable is a final order, because it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (quotation omitted). The appellant timely filed a notice of appeal from the bankruptcy court's January 6, 2000 order but untimely appealed that court's January 26, 2000 denial of its motion for reconsideration. This Panel

2

previously dismissed the untimely appeal and now limits its review to the appeal of the January 6, 2000 order.

This Panel reviews the bankruptcy court's findings of fact for clear error. FED. R. BANKR. P. 8013; *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540 (6th Cir. 1985). As a result of our determination that the only relevant issue is one of law, it is unnecessary to review the trial court's findings of fact. Legal conclusions, such as the bankruptcy court's interpretation of the applicability of § 550, are subject to de novo review. *See, e.g., Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997), *aff'd*, 201 F.3d 693, 696 n.1 (6th Cir. 1999). "Under a *de novo* standard of review, the reviewing court decides an issue as if the court were the original trial court in the matter." *Id.*

## III.  FACTUAL BACKGROUND

"This is another in a series of cases in which a Chapter 7 trustee seeks to avoid a recorded mortgage on real estate owned by a debtor on the ground that the debtor did not sign the mortgage in the presence of two witnesses, as required by Ohio Revised Code § 5301.01.  The trustees generally contend that this deficiency, if proven, permits a trustee to avoid the mortgage and bring the asset into the estate under 11 U.S.C. § 544." *Eisen v. Allied Bancshares Mortgage Corp. (In re Priest)*, No. 99-13816, Adv. 99-1475, 2000 WL 821379, at *1 (Bankr. N.D. Ohio May 25, 2000). Although we find it unnecessary to review the bankruptcy court's finding of fact that the mortgage at issue was defectively witnessed, the factual background will place the legal issue before us into focus.

At their home on March 7,1998, Gerald Dale and Linda Jane Burns ("Debtors") refinanced their house by executing a mortgage and $59,200.00 note payable to Alternative Mortgage Source, Inc. ("AMS"). AMS immediately assigned its interest in the note and mortgage to IMC. The mortgage purported to be signed by two witnesses and notarized as required by Ohio law, and the deed was recorded. After the Burnses filed a Chapter 7 petition on September 29, 1998, the Chapter 7 trustee inquired whether two witnesses were present at the Debtors' house when the mortgage was signed. The Debtors recalled only one other individual present, so the trustee filed an adversary proceeding against the assignee of the mortgage, IMC, claiming that the deed was

3

improperly executed under Ohio Revised Code § 5301.01 and that the trustee's interest in the real property was superior to that of IMC under 11 U.S.C. § 544(a) and Ohio Revised Code § 5301.25(A).

The bankruptcy court heard testimony and, although it determined that the appropriate standard of proof was a preponderance of the evidence, the court found that the trustee had satisfied his burden under either a preponderance or clear and convincing evidence standard. Finding that the mortgage was signed by only one witness, the bankruptcy court held that the deed was improperly executed under Ohio Revised Code § 5301.01, and therefore the trustee could avoid the invalid deed under § 544(a)(3). Moreover, the court held that IMC was not entitled to any lien under § 550(e).

IMC's answer to the complaint had denied the superiority of the trustee's claim, noted the facial validity of the deed, and averred that even if the trustee's interests were superior, he could recover only the amount of allowable unsecured claims plus costs. IMC's sole reason for its final defense was that the "Trustee has a duty to protect the unsecured creditors but only to the extent of claims duly allowed." The answer did not cite § 550, which was asserted for the first time in IMC's trial brief, and the trial brief cited only subsection (e). The bankruptcy court discussed § 550(e), which it quoted along with § 550(a), but the opinion neither mentioned nor discussed any other subsection of § 550.

The court rejected IMC's argument that § 550(e) provided it with a lien on the residence for the amount of "improvements" made thereon. IMC timely filed a notice of appeal from the January 6, 2000 order of the bankruptcy court. The appeal was stayed pending the court's resolution of IMC's motion for reconsideration.

Upon filing its motion for reconsideration, IMC for the first time cited § 550(b) and asserted it could stand in the shoes of AMS. The trustee filed a reply brief in opposition to the motion to reconsider, and on January 26, 2000, the court denied IMC's motion. The court stated that IMC had raised § 550(b) for the first time in its motion to reconsider and that § 550(b) did not apply, because the trustee was not recovering any property or the value of property from IMC.

Though the bankruptcy court granted IMC's March 7, 2000, motion to amend its notice of appeal to include the January 26 order, this Panel, upon motion by the trustee,

4

previously dismissed IMC's appeal from the January 26 order as untimely filed. Thus, our appellate jurisdiction is limited to review of the January 6, 2000 judgment; however, as a result of our conclusion that § 550 does not apply to this avoided mortgage, IMC's arguments concerning all subsections of § 550 are rejected.

The parties filed a stipulation with this Panel agreeing to hold this appeal in abeyance pending a decision by the United States Court of Appeals for the Sixth Circuit in *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76 (B.A.P. 6th Cir. 1999). On May 22, 2001, the Sixth Circuit entered an opinion and order in *In re Zaptocky*, 250 F.3d 1020, affirming the opinion of the Bankruptcy Appellate Panel. The result of *Zaptocky* is that the bankruptcy trustee may avoid this mortgage that was found not to have been witnessed by at least two witnesses under applicable Ohio Law, and at oral argument, the Appellant relied upon the separate legal issue of transferee liability when recovery is sought by the trustee under § 550.

## IV. DISCUSSION

Because this appeal arose from a *Zaptocky*-related scenario, the Appellant no longer pursues its argument that the bankruptcy court erred by finding that the mortgage deed was signed by only one witness and therefore was invalid under Ohio Revised Code § 5301.01. Although IMC contended in its brief that the bankruptcy court did not apply the proper standard of proof to its factual and credibility determinations, the bankruptcy court found that the trustee's proof satisfied both the preponderance and clear and convincing evidence requirements. Because the stricter burden was met, this Panel does not need to further address the appropriate standard.

The sole issue remaining is whether the bankruptcy court erred in concluding that IMC was not entitled to a replacement lien under § 550(e), which provides:

> (e)(1) A good faith transferee from whom the trustee may recover under subsection (a) of this section has a lien on the property recovered to secure the lesser of–
>
>      (A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and

5

(B) any increase in the value of such property as a result of such improvement, of the property transferred.

(2) In this subsection, "improvement' includes–

(A) physical additions or changes to the property transferred;

(B) repairs to such property;

(C) payment of any tax on such property;

(D) payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee; and

(E) preservation of such property.

11 U.S.C. § 550(e). As the Code states, "improvement" includes payment of certain secured debts. The bankruptcy court found that the Burnses made an improvement on the property by paying off existing mortgages with the funds provided through the refinancing, but the court found that AMS supplied the funds that the Burnses applied to pay off the existing mortgages. *See* § 550(e)(2)(D). IMC did not appeal that finding. Instead, it argued in its motion for reconsideration that it should stand in the shoes of AMS, relying then upon subsections (a) and (b), which provide:

(a) [T]o the extent that a transfer is avoided under section 544 . . . the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from–

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from–

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(a) and (b).

Although this Panel will not separately consider IMC's § 550(b) argument that it is synonymous with AMS, because that issue was raised for the first time in IMC's motion for reconsideration, which is not before this Panel, our conclusion that § 550 is not applicable to this avoided mortgage effectively rejects all of IMC's arguments.

IMC timely raised its § 550(e) argument before the bankruptcy court, and that court properly denied IMC's position, although that court unnecessarily examined the scope of § 550(e). We conclude that § 550 does not apply at all, because the trustee has not

sought recovery of any property or its value from IMC. We find the analysis of the bankruptcy court in *In re Priest*, 2000 WL 821379, to be persuasive.

That court began with statutory construction of §§ 554 and 550 to answer "[t]he question of whether a trustee may avoid a transfer under § 544 as an independent remedy or whether the trustee is also required to recover the avoided transfer under § 550." *Id.* at *2. The Sixth Circuit recently has observed again that "'[i]n all cases of statutory construction, the starting point is the language employed by Congress.'" *Robiner v. Danny's Markets, Inc. (In re Danny's Markets, Inc.),* 266 F.3d 523, 2001 WL 1104682, at *2 (6th Cir. 2001) (quoting *Appleton v. First Nat'l Bank of Ohio),* 62 F.3d 791, 801 (6th Cir. 1995)). As a part of the analysis of the Code's language, we note that this Circuit has recognized the Bankruptcy Code's separation of the "'identification of avoidable transfers (§ 547) from the identification of those who must pay (§ 550).'" *Harrison v. Brent Towing Co. (In re H&S Transp. Co.)*, 939 F.2d 355, 358 (6th Cir. 1991) (quoting *Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1196 (7th Cir. 1989)). In the present case, the legal issue involves an interpretation of the relationship between the avoidance powers granted to the trustee by § 544(a) and the separate liabilities and protections accorded certain transferees by § 550.

Looking first to § 544(a)'s language, it grants avoidance powers without any required linkage to recovery from the transferees. Section 550(a) does refer to avoidance, by requiring avoidance before recovery, but the recovery authority is permissive, stating that "the trustee may recover...." 11 U.S.C. § 550(a). Just as the *Priest* court did, we find it persuasive that "Congress dealt separately with the concepts of avoidance and recovery in a number of ways." *In re Priest*, 2000 WL 821379, at *2. Congress placed these provisions in different sections, giving them different statutes of limitations. *See id.* (comparing 11 U.S.C. § 546(a)'s limitation period for commencing avoidance and § 550(f)'s period for commencing recovery). "The Code also treats avoidance and recovery independently when a case is dismissed." *Id.* (comparing 11 U.S.C. § 349(b)(1)(B) and (b)(2)). We agree that "[a] straightforward reading of the statutory language leads to the conclusion that § 544(a) avoidance and § 550 recovery are independent statutory remedies." *Id.* (collecting cases); *see also* 2 DAVID G. EPSTEIN ET AL., BANKRUPTCY § 6-79,

7

at 201 (West 1992) (same); Tom Lane, *Recovery of Avoidable Transfers from the "Initial Transferee" under Section 550(a) of the Bankruptcy Reform Act of 1978*," 96 COMM. L.J. 457, 457 (1991) ("In the area of the trustee's powers to recover property from third persons and return the property to the bankruptcy estate, the Bankruptcy Reform Act of 1978 separates those sections which allow the avoidance of certain transactions, such as preferences and fraudulent conveyances, from Section 550, which is the section which specifies who the trustee may recover the property from.") (footnotes omitted); 3 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE 2D § 60:2, at 60-3 ("The Bankruptcy Code, on the other hand, generally separates the issue of whether a transfer is voidable from the issue of the liability of a transferee.").

A recent decision from another bankruptcy court in this Circuit agreed with the *Priest* analysis and, like this Panel, found it more persuasive than the view of those courts that have avoided the plain reading of the two statutes. *Hendon v. G.E. Capital Mortgage Servs., Inc. (In re Carpenter),* 266 B.R. 671 (Bankr. E.D. Tenn. 2001) (rejecting *Helbling v. Krueger (In re Krueger),* No. 98-18686, Adv. 99-1016, 2000 WL 895601 (Bankr. N.D. Ohio June 30, 2000)).

Although we conclude that the statutory language and structure are clear, the legislative history to § 550 also supports our interpretation. "Section 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." S. REP. NO. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5876 and H.R. REP. NO. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6331.

Because §§ 544 and 550 provide independent remedies, the trustee need not pursue recovery of property from the transferee if avoidance alone is an adequate remedy. *See In re Priest,* 2000 WL 821379, at *3. Although this trustee artfully sought to skirt this issue completely by arguing that he did not seek avoidance of the mortgage but merely sought to have the trustee's lien declared superior to the interest of IMC, the trustee's complaint relied upon § 544(a)'s avoidance authority, and the bankruptcy court's order

8

determined that avoidance was appropriate.[1]  "Once [avoidance] occurs, the interest is preserved for the [bankruptcy] estate's benefit and protection by § 551 and becomes property of the estate pursuant to § 541(a)(4)." *In re Carpenter*, 266 B.R. at 676; *see also, In re Priest*, 2000 WL 821379, at *3; *Glanz v. RJF Int'l Corp. (In re Glanz)*, 205 B.R. 750, 758 (Bankr. D. Md. 1997) ("The avoidance of [an] unperfected lien pursuant to § 544(a) is a meaningful event in and of itself, and requires no further action to be taken by the debtor. There is simply nothing to 'recover' under § 550(a), and therefore the 'benefit to the estate' analysis . . . is not directly applicable to this lien avoidance action."); *Dunes Hotel Assocs. v. Hyatt Corp.*, 245 B.R. 492, 500-01 (D.S.C. 2000) (collecting cases and citing BLACK'S LAW DICTIONARY 136 (6th ed. 1990) ("Avoid.  To annul; cancel; make void . . . .")); H.R. REP. NO. 95-595 (1977)*, reprinted in* 1978 U.S.C.C.A.N. 5963, 6332 (stating that the amendment to § 551 changed the law which had required the court to determine whether the transfer should be preserved); 2 DAVID G. EPSTEIN ET AL., BANKRUPTCY § 6-79, at 201 ("Recovery goes beyond avoidance.  Recovery is a bankruptcy remedy for avoidance that makes the transferee of the affected property, and also people for whose benefit the transfer was made, personally accountable to the estate for the return of the property or its value.  Avoidance is always necessary for recovery, but recovery is not always necessary or even useful after avoidance.") (citations omitted).

Upon the Burnses' filing of their petition in bankruptcy, § 541(a)(1) brought the Debtors' interest in the real estate into the trustee's hands.  Upon the trustee's avoidance of IMC's interest in the real property under § 544, § 551 automatically preserved that interest, which immediately became part of the estate pursuant to § 541(a)(4), all without resort to the separate recovery mechanism of § 550.  As a result of our conclusion, we need not further discuss the bankruptcy court's reasons for denying § 550(e) relief to IMC.

---

[1]We are not certain that there is a discernable difference in results between a declaration of superiority of the trustee's lien and avoidance, but we need not explore that since the order subject of this appeal determined that avoidance was the appropriate remedy.

**CONCLUSION**

The language and structure of §§ 544(a) and 550 are clear, and the Code reveals that Congress dealt separately with the concepts of avoidance and recovery in a number of ways. Section 550(e) does not apply in this case, because the trustee avoided IMC's interest and § 551 automatically brought IMC's avoided interest into the bankruptcy estate upon avoidance. The trustee's remedy under § 544(a) was complete, precluding any need for the separate recovery remedy. The January 6, 2000 order of the bankruptcy court is **AFFIRMED**.